■ In the Matter of SAMUEL L. SOMMER, Appellant, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Crangle, J.), entered April 29, 1982 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* expunge from prison records all references to petitioner as an "undesirable" prisoner. Petitioner, currently an inmate at the Clinton Correctional Facility, alleges that he has been classified as an "unacceptable and undesirable prisoner" in the records of the Department of Correctional Services. He alleges that this classification resulted in his transfer from Attica Correctional Facility to Great Meadow Correctional Facility in January, 1982 and violates his "constitutional right to be free from unfounded allegations of misbehavior". Petitioner seeks either a hearing to clear his name or expungement of the alleged classification from his records. We conclude that petitioner has available to him adequate administrative remedies in which he may seek relief and that his failure to exhaust these remedies requires affirmance of Special Term's judgment dismissing the petition. The department's rules and regulations provide for an inmate's access to portions of his records (7 NYCRR 5.20 [a]) and a means for challenging the accuracy of information contained in those records (7 NYCRR 5.50, 5.51). Administrative appeals from adverse determinations are authorized (7 NYCRR 5.20 [c]; 5.52). Moreover, it appears that petitioner's complaint may be cognizable under the grievance program established pursuant to section 139 of the Correction Law (*Matter of Patterson v Smith,* 53 NY2d 98). Under such circumstances, resort to the courts must await exhaustion of administrative remedies despite allegations by the inmate that the infringement of his rights is of a constitutional dimension (*id.,* at p 103). The judgment should be modified accordingly. Judgment modified, on the law, by deleting so much thereof as states that petitioner failed to state a cause of action and failed to provide sufficient facts to support his contention that he

has been placed in a separate class, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.