■ In the Matter of ARTHUR T. DICKENS, Respondent, v FRANK E. IRVIN, as Superintendent of Wende Correctional Facility, et al., Appellants. [626 NYS2d 608] —Judgment insofar as appealed from unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in directing respondents to expunge from their institutional records any reference to an alleged escape attempt by petitioner while in local custody in 1992 *(see, Matter of Sommer v Jones,* 96 AD2d 624, *lv denied* 60 NY2d 555). Respondents have the authority and duty to indicate on their records whether an inmate is a security risk because of a prior history of escape or attempted escape *(see,* Correction Law § 137 [1], [2]; § 601 [a]). If the inmate believes that any item of information contained in his personal history or correctional supervision history is inaccurate, respondents' rules and regulations provide that the inmate shall convey such dispute to the custodian of the records (7 NYCRR 5.50). If, after investigation, the custodian declines to make any requested changes and the inmate still disputes the accuracy or completeness of the information, he may administratively appeal that determination (7 NYCRR 5.52). The record establishes that petitioner never administratively challenged the accuracy of the information contained in his institutional records nor did he ever file an administrative appeal from any adverse determination. Because petitioner has failed to exhaust those administrative

remedies, his petition should have been dismissed *(see, Matter of Sommer v Jones, supra).* (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Green, J. P., Fallon, Wesley, Callahan and Balio, JJ.