■ In the Matter of DAVID PICKETT, Appellant, v ROBERT LONG, as Inmate Records Coordinator, Ogdensburg Correctional Facility, et al., Respondents. [645 NYS2d 643] —Crew III, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered May 17, 1995 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Following his plea of guilty to the crime of burglary in the second degree, petitioner was sentenced to an indeterminate term of imprisonment and incarcerated at Ogdensburg Correctional Facility in St. Lawrence County. Petitioner thereafter filed numerous applications for enrollment in the facility's temporary release program, all of which were denied based upon, among other things, the nature of the instant offense. Petitioner, believing that his records contained incorrect information regarding the instant offense and that such misinformation, in turn, was responsible for the denial of his various applications for temporary release, commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia,* to have his records corrected. Respondents' subsequent motion to dismiss the petition was granted by Supreme Court based upon petitioner's failure to exhaust his administrative remedies, and petitioner's motion for reconsideration was denied. Petitioner now appeals.

Initially, to the extent that petitioner has attempted to appeal from the denial of his motion for reconsideration, we need note only that neither Supreme Court's decision nor any order that may have been entered thereon is contained in the record

and, as such, petitioner's "appeal" of that denial is not properly before us. With respect to the dismissal of the petition, to the extent that petitioner sought to ascertain the source of the alleged misinformation, it is apparent from his brief that he has now discovered that the information in question has its genesis in the presentencing report prepared by the New York City Department of Probation and, accordingly, this particular issue is moot.

As for petitioner's contention that the information contained in the presentencing report is inaccurate and, therefore, respondents inappropriately relied upon said information in denying his various requests for temporary release, the record reveals that petitioner has failed to pursue the administrative relief available in this regard. In accordance with 7 NYCRR part 5, an inmate may obtain access to certain portions of his or her prison records (*see*, 7 NYCRR 5.20) and, in addition, may challenge the accuracy of the information contained therein (*see*, 7 NYCRR 5.50). If, following an investigation, the challenged information is determined to be erroneous, the individual in charge of such records shall make the necessary changes (*see*, 7 NYCRR 5.51), and if the inmate still disputes the accuracy of the information, he or she may bring an administrative appeal to the Inspector General (*see*, 7 NYCRR 5.52). Although petitioner appears to have administratively appealed the denial of one of his temporary release applications, there is nothing in the record to indicate that he availed himself of any of the relief available pursuant to 7 NYCRR part 5. Having failed to exhaust his administrative remedies (*see*, *Matter of Dickens v Irvin*, 214 AD2d 1006, 1006-1007), his petition was properly dismissed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.