■ In the Matter of HASAN RAQIYB, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [668 NYS2d 505] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 22, 1997 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as barred by the Statute of Limitations and for failure to exhaust administrative remedies.

Supreme Court properly dismissed petitioner's application seeking to challenge a January 25, 1996 determination denying him parole release on the ground that petitioner failed to commence this review proceeding within four months of the determination (see, CPLR 217; Matter of Hauver v New York State Div. of Parole, 236 AD2d 751, lv denied 89 NY2d 815). Moreover, to the extent that petitioner's application sought to correct perceived errors in his institutional record, we agree with Supreme Court's conclusion that because petitioner failed to exhaust the administrative avenues of relief available to him to access portions of his institutional records (see, 7 NYCRR 5.20), to challenge inaccuracies contained therein (see, 7 NYCRR 5.50) and to appeal from any unfavorable determination (see, 7 NYCRR 5.52), the petition must be dismissed for failure to exhaust administrative remedies (see, Matter of Pickett v Long, 229 AD2d 802; Matter of Sommer v Jones, 96 AD2d 624, lv denied 60 NY2d 555).

As this is petitioner's third attempt to litigate the same issue—namely, the inaccuracy (since corrected) of a reference to his murder victim as being pregnant—petitioner should be aware that any further attempt to litigate this issue may subject him to sanctions (see, 22 NYCRR 130-1.1 [c] [1]).

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.