■ In the Matter of ANTHONY D. AMAKER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [721 NYS2d 139] —Lahtinen, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered November 22, 1999 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to challenge, *inter alia*, his transfer from Green Haven Correctional Facility to Clinton Correctional Facility.

According to petitioner, he commenced this proceeding to enforce the provisions of a consent decree entered in a Federal class action concerning the provision of medical services at Green Haven Correctional Facility in Dutchess County. In particular, petitioner contends that he was improperly transferred from Green Haven without his consent in June 1998 and that he was subsequently denied adequate medical services at Clinton Correctional Facility in Clinton County. With regard to his transfer, the record demonstrates that the responsible officials at Green Haven determined that petitioner's medical conditions had stabilized and that he was medically cleared for transfer. Implicit in this determination is the conclusion that petitioner was not subject to the consent decree's prohibition on transfers. Accordingly, notwithstanding petitioner's claim that he is seeking enforcement of the prohibition contained in the consent decree, we conclude that petitioner is actually challenging the administrative determination that he does not meet the criteria necessary to invoke the prohibition. Inasmuch as a CPLR article 78 proceeding is the appropriate remedy for such a challenge, we agree with Supreme Court that petitioner's claim regarding the transfer was subject to the doctrine of exhaustion of administrative remedies and the four-month Statute of Limitations (*see generally*, *Matter of Raqiyb v New York State Div. of Parole*, 247 AD2d 684). Petitioner failed to pursue the available grievance procedure with regard to the transfer (*see*, *Matter of Courtney v Strack*, 239 AD2d 754) and,

in any event, failed to commence this proceeding within four months of the transfer *(see,* CPLR 217; *cf., Matter of Gregg v Scully,* 108 AD2d 748, *lv denied* 65 NY2d 601).

With regard to petitioner's challenge to the adequacy of the medical services provided subsequent to the transfer, Green Haven complied with the consent decree by providing Clinton with notice of petitioner's medical conditions and medications. The consent decree appears to be otherwise inapplicable to the medical services provided after petitioner's transfer to Clinton. Petitioner pursued a number of grievances with regard to those services and to the extent that petitioner's arguments can be construed as challenging the denial of those grievances, we agree with Supreme Court that petitioner failed to show that those denials were affected by an error of law or arbitrary and capricious *(see, Matter of Singh v Eagen,* 236 AD2d 654). The judgment dismissing the petition, therefore, must be affirmed.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.