■ In the Matter of THURL PARKER, Appellant, v HATTIE M. LEWARS, as A.S.A.T. Instructor at Woodbourne Correctional Facility, et al., Respondents. [734 NYS2d 511] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 3, 2001 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner was an inmate at Woodbourne Correctional Facility in Sullivan County when he was expelled from the facility's Alcohol and Substance Abuse Treatment Program for repeated lateness. He filed an inmate grievance proceeding for reinstatement to the program and for expungement from his prison records of any negative statements made about him by the program's instructor. Petitioner was successful to the extent that he was reinstated to the program; however, the instructor's comments remained on his record based on his failure to demonstrate that they were false. Petitioner then commenced this CPLR article 78 proceeding to amend his prison records by expunging this material. Supreme Court dismissed the application due to petitioner's failure to exhaust administrative remedies. We affirm.

Our review discloses that petitioner did not complete the

administrative remedies available for challenging the accuracy of information in inmate records (*see*, 7 NYCRR part 5; *see also, Matter of Scarola v Malone*, 226 AD2d 844, 845). The relevant administrative procedures require an inmate to request amendment or expungement from the custodian of the disputed records and, in the event that the inmate still disputes the accuracy of the information in his or her records, the inmate is then required to appeal to the Inspector General (*see*, 7 NYCRR 5.52). Failure to follow this procedure warrants dismissal of a subsequent CPLR article 78 proceeding for failure to exhaust administrative remedies (*see, Matter of Epps v Broaddus*, 236 AD2d 725; *Matter of Pickett v Long*, 229 AD2d 802). At the time petitioner commenced this CPLR article 78 proceeding, however, his application to the coordinator of inmate records for amendment or expungement of the statements in dispute was still pending. Hence, the petition was properly dismissed (*see, Matter of Cliff v Russell*, 264 AD2d 892, 893). The remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P. J., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.