■ In the Matter of ALFREDO LUGO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [806 NYS2d 741]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered February 18, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

On December 8, 2003, the Department of Correctional Services transferred petitioner out of the Fishkill Correctional Facility, close to his home, to the Wyoming Correctional Facility due to his failure to participate in recommended programs. On June 18, 2004, petitioner requested a priority transfer to a cor-

rectional facility located closer to his home, having successfully completed one of the recommended programs at this time. On July 20, 2004, his transfer request was denied and he was informed that he would be "reconsidered for an area of preference transfer following two years of satisfactory program participation and a favorable disciplinary adjustment." On September 13, 2004, he commenced this CPLR article 78 proceeding challenging both the December 8, 2003 and July 20, 2004 determinations. Following joinder of issue, Supreme Court dismissed that part of the petition challenging the December 8, 2003 determination as time-barred and that part of the petition challenging the July 20, 2004 determination as without merit. This appeal ensued.

We affirm. Clearly, petitioner's challenge to the December 8, 2003 determination was barred by the four-month statute of limitations (*see* CPLR 217) as the instant proceeding was not brought until more than nine months later. Although the proceeding was timely vis-à-vis the July 20, 2004 determination, petitioner neglected to file a grievance protesting the denial and, therefore, failed to exhaust his administrative remedies (*see Matter of Amaker v Goord*, 280 AD2d 792, 792-793 [2001]; *Matter of Courtney v Strack*, 239 AD2d 754, 755 [1997]). Although petitioner asserts that he was led to believe that filing a grievance would be futile, his conclusory statement is unsupported by any facts in the record. Therefore, dismissal of the proceeding was appropriate.

Cardona, P.J., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.