Appeal from a judgment of the Supreme Court (Donohue, J.), entered July 31, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
Petitioner filed a grievance with respect to an evaluation that was made part of his institutional record that he regarded as derogatory and prepared in retaliation for his filing of a complaint against prison officials. The grievance was ultimately denied by the Central Office Review Committee and petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court thereafter granted respondents’ motion to dismiss the petition for failure to exhaust administrative remedies and this appeal ensued.
We reverse. The basis for Supreme Court’s decision was that, since petitioner was seeking expungement of the evaluation, among other things, his recourse was against the custodian of the record, with an administrative appeal to the Inspector General (see 7 NYCRR 5.50, 5.51, 5.52; see e.g. Matter of Dickens v Irvin, 214 AD2d 1006 [1995]). However, “[a]n inmate may pursue a complaint that a reprisal occurred through the grievance mechanism” (7 NYCRR 701.6 [b]). Here, the gravamen of petitioner’s grievance was that the evaluation was filed in his parole file for purely retaliatory purposes; he was not necessarily challenging the accuracy of the information contained therein (see 7 NYCRR 5.50).
A review of the record reveals that petitioner properly exhausted his administrative remedies by appealing the decision of the Inmate Grievance Review Committee to respondent Superintendent of Clinton Correctional Facility and then appealing the decision of the Superintendent to the Central Office Review Committee (see 7 NYCRR 701.5). Having done so, he was entitled to commence this CPLR article 78 proceeding and Supreme Court should have reviewed the petition on its merits.
Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.