Matter of Brooks v Annucci (2019 NY Slip Op 06033)





Matter of Brooks v Annucci


2019 NY Slip Op 06033


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

527016

[*1]In the Matter of DAVID BROOKS, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 21, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


David Brooks, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), entered May 25, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding challenging two tier III prison disciplinary determinations finding him guilty of violating certain prison disciplinary rules. Respondent moved pursuant to CPLR 3211 (a) (7) to dismiss the petition on the ground that petitioner had failed to exhaust his administrative remedies. Petitioner opposed the motion by claiming that his ability to exhaust his administrative remedies regarding the two determinations was obstructed by correction officers. Supreme Court granted respondent's motion and dismissed the petition. Petitioner appeals.
We affirm. Petitioner had the right to appeal the determinations to respondent within 30 days of the receipt of the determinations (see 7 NYCRR 254.8). Respondent supported the motion to dismiss with an affidavit from the director of the office responsible for issuing the final administrative determinations on tier III disciplinary hearing appeals. The director stated that he had reviewed the office's records and that petitioner had not submitted an administrative appeal regarding either of the two determinations at issue. Insofar as there is no record that petitioner filed administrative appeals, his challenge to the two determinations in the context of this CPLR article 78 proceeding is precluded by a failure to exhaust his administrative remedies (see Matter of Vance v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1322, 1323 [2018]; Matter of Hendricks v Franklin Correctional Facility, 249 AD2d 856, 856 [1998]). We agree with Supreme Court that petitioner's conclusory claim that obstructive actions by correction officers prevented him from submitting administrative appeals of the determinations at issue is insufficient to overcome respondent's motion (see generally Matter of McFadden v Fonda, 148 AD3d 1430, 1431 [2017]; Matter of Lugo v Goord, 24 AD3d 987, 988 [2005]).
Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.