■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY OATES, Appellant. [623 NYS2d 169] —Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered December 13, 1993, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and was sentenced to a term of imprisonment of 3 to 9 years. Defendant was allowed to enter his plea in satisfaction of a 12-count indictment knowing that he would receive the sentence ultimately imposed. Given these circumstances, as well as defendant's criminal record, we find no reason to disturb the sentence imposed by County Court.

Cardona, P. J., Mercure, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.

■ In the Matter of ADAM ABDUL HAKEEM, Also Known as LARRY DAVIS, Appellant, v EDWARD J. McSWEENEY, as Director of the Central Office Review Committee of the Department of Correctional Services, et al., Respondents. [623 NYS2d 170] —Appeal from a judgment of the Supreme Court (Berke, J.), entered December 14, 1993 in Washington County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

As the result of a disciplinary determination, a penalty was imposed against petitioner, a prison inmate, which included the loss of his right to receive packages. Petitioner commenced this proceeding claiming, *inter alia,* that packages containing legal supplies should not be denied inmates even where a loss of packages order is in effect. He contended that the imposition of this policy improperly resulted in the destruction of a package of legal supplies intended for him. Supreme Court dismissed the petition on the ground, *inter alia,* that petitioner failed to exhaust his administrative remedies through the available grievance procedure. A review of the record in its entirety reveals that the court's dismissal was in all respects proper and should be affirmed.

Cardona, P. J., Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.