■ In the Matter of MICHAEL A. Z. SHABAZZ, Also Known as MICHAEL HURLEY, Appellant, v LEONARD A. PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [688 NYS2d 279] —Carpinello, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 17, 1997 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's grievances challenging certain security procedures.

Petitioner is incarcerated at the Shawangunk Correctional Facility in Ulster County for the crimes of murder in the second degree and assault in the second degree. Because he is assigned to the facility's special housing unit, petitioner is subject to certain heightened security measures. Among these is a "face the wall policy" that requires inmates, as soon as they exit their cells, to face the wall until a correction officer can conduct a pat frisk or hand scan. Petitioner filed three grievances against this policy, which were denied. Following unsuccessful appeals to the Department of Correctional Services Central Office Review Committee with respect to two of the three grievances (*see*, 7 NYCRR 701.7 [c]), petitioner initiated this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal. We affirm.

The need for heightened security measures in special housing units, such as the one in which petitioner is confined, justifies a procedure which facilitates a frisk or scan prior to an inmate's release from the immediate vicinity of his cell and is clearly an acceptable exercise of discretion implemented for the purpose of safeguarding prison personnel and maintaining security (*see*, *Matter of Rivera v Smith*, 63 NY2d 501, 512-513; *Matter of Smith v Goord*, 250 AD2d 946, *lv denied* 92 NY2d 810). We are also not persuaded that the "face the wall" procedure is unenforceable because it was never filed with the Secretary of State (*see*, NY Const, art IV, § 8). The procedure is not "a fixed, general principle to be applied by an administrative agency" such that it is subject to the constitutional filing requirement (*Matter of Roman Catholic Diocese v New York State Dept. of Health*, 66 NY2d 948, 951); rather, it constitutes a routine practice implemented at one correctional facility to address security concerns.

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.