■ In the Matter of JAMES E. CLIFF, Appellant, v CENTRAL OFFICE REVIEW COMMITTEE, INMATE GRIEVANCE PROGRAM, ALBANY, et al., Respondents. [689 NYS2d 251] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 29, 1998 in Clinton County, which, in a proceeding pursuant to

CPLR article 78, remitted the matter to respondents for reconsideration of petitioner's inmate grievance complaint.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to review the denial of a grievance challenging the manner in which a correction officer searched him with a hand-held metal scanner. Thereafter, by "Petition for Disclosure", petitioner sought leave of court to conduct disclosure under CPLR article 31. Supreme Court found that respondents had misconstrued petitioner's grievance as a generalized challenge to the use of hand-held scanners rather than one alleging a specific act of harassment by an employee. The court therefore granted the petition to the extent of remitting petitioner's grievance to be considered as a complaint of harassment, and declined to reach the issues raised in petitioner's application for disclosure. Petitioner appeals, contending that the court's failure to address the issues raised in his application for leave to conduct disclosure deprived him of due process and equal protection.

Inasmuch as the matter has been remitted to respondents, petitioner's rights are governed by 7 NYCRR 701.1 and 701.11, and CPLR article 31 is inapplicable. Accordingly, we find no error in Supreme Court failing to address the issues raised in the petition for disclosure.

Yesawich Jr., J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.