■ In the Matter of JAMES E. CLIFF, Appellant, v P. RUSSELL, as Correction Officer, Great Meadow Correctional Facility, et al., Respondents. [696 NYS2d 84] —Appeal from a judgment of the Supreme Court (Berke, J.), entered September 2, 1998 in Washington County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

In March 1998, petitioner, a prison inmate, submitted a letter to the Superintendent of Great Meadow Correctional Facility in Washington County alleging that he was sexually assaulted with a hand-held metal scanner by a correction officer in the course of a pat frisk. Petitioner declined to cooperate

---

* Upon administrative appeal the determination was modified to dismiss the charge of participating in gang activity.

with the ensuing investigation of the allegation and, instead, commenced this CPLR article 78 proceeding requesting, *inter alia*, a determination that he was sexually abused and an order enjoining the named correction officer from conducting searches of petitioner's person in the future. Supreme Court dismissed the petition for failure to exhaust administrative remedies based on petitioner's failure to file any grievances relating to the alleged incident. We affirm.

A petitioner must exhaust all administrative remedies before seeking judicial review unless "an agency's action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause irreparable injury" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [citations omitted]). Clearly administrative relief was available to petitioner through the Inmate Grievance Program (*see, Matter of Hakeem v Wong*, 223 AD2d 765, *lv denied* 88 NY2d 802) and none of the exceptions to the exhaustion doctrine are applicable. We have reviewed petitioner's remaining contentions and find them to be meritless, particularly since petitioner is challenging a specific act of alleged harassment by an employee and not a "generalized challenge to the use of hand-held scanners" (*Matter of Cliff v Central Off. Review Comm.*, 260 AD2d 753, 754).

Cardona, P. J., Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.