■ In the Matter of JOSEPH A. ROSS, Appellant, v THOMAS RICKS, as First Deputy Superintendent, Clinton Correctional Facility, et al., Respondents. [700 NYS2d 873] —Appeal from a judgment of the Supreme Court (McGill, J.), entered May 5, 1999 in Clinton County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding in Supreme Court seeking an order prohibiting the use of leg shackles when he is transported out of the facility. Petitioner alleged that he is unable to climb steps to reach the grievance office and, therefore, cannot follow the Inmate Grievance Program procedure. Thereafter, respondents filed a motion to dismiss contending that petitioner failed to exhaust his administrative remedies. Supreme Court dismissed the petition finding that petitioner failed to exhaust his administrative remedies based upon petitioner's inability to establish that he was presently medically unable to follow the Inmate Grievance Program. We affirm.

"A petitioner must exhaust all administrative remedies before seeking judicial review unless 'an agency's action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause ir-

reparable injury'" (*Matter of Cliff v Russell*, 264 AD2d 892, 893, quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [citations omitted]). In light of petitioner's inability to establish that any of the exceptions to the exhaustion doctrine applied, petitioner was required to seek administrative relief through the Inmate Grievance Program.

Cardona, P. J., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.