■ In the Matter of MICHAEL BURNSIDE, Appellant, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [703 NYS2d 810] —Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered April 9, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of personal jurisdiction.

Petitioner, a prison inmate, challenges Supreme Court's dismissal of his petition for lack of personal jurisdiction over respondents. Supreme Court dismissed the proceeding because petitioner failed to comply with an order to show cause which directed that, *inter alia*, petitioner serve, by mail, each named respondent and the Attorney General before November 20, 1998. "Failure of an inmate to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his control which prevented compliance" (*Matter of Gittens v Selsky*, 193 AD2d 986, 987; *see, Matter of Wilder v New York State Div. of Parole*, 249 AD2d 606, 606-607). Although petitioner offered a sworn affidavit of service, it was dated before the issuance of the order to show cause. Furthermore, the Attorney General, by letter dated December 23, 1998, indicated that he has no record of receipt of either the petition or the original order to show cause. Accordingly, as petitioner failed to comply with the order to show cause, we conclude that the petition was properly dismissed (*see, Matter of Williams v Lacy*, 253 AD2d 915).

Mercure, J. P., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.