■ In the Matter of JOHNATHAN JOHNSON, Appellant, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [717 NYS2d 413] —Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered February 23, 2000 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to release him from the special housing unit.

Prior to his transfer to Upstate Correctional Facility in Franklin County, petitioner was advised that he had been released from previously imposed special housing unit (hereinafter SHU) disciplinary status, but that he remained subject to any other disciplinary sanction, such as keeplock, that had been imposed to run consecutively to the SHU sanctions. When petitioner objected to his SHU confinement at Upstate, he was advised that such confinement was authorized as a result of previously imposed keeplock disciplinary sanctions. Petitioner then commenced this proceeding in which he claimed that the relevant rules, regulations and directives did not authorize the SHU confinement of an inmate on keeplock status. Supreme Court dismissed the petition and petitioner appeals.

We agree with respondents that the dismissal of the petition should be affirmed on the basis of petitioner's failure to exhaust administrative remedies, which respondents pleaded in their answer. Pursuant to the Inmate Grievance Program, a grievance is a complaint about the substance or application of any written or unwritten departmental policy, regulation, procedure or rule (*see,* 7 NYCRR 701.2 [a]). Thus, while the grievance procedure cannot be used to challenge the decision in a particular disciplinary proceeding which results in a sanction (*see,* 7 NYCRR 701.3 [e] [1]), it may be used to challenge the manner in which the sanction is imposed (*see, e.g., Matter of Shabazz v Portuondo,* 260 AD2d 733, *lv denied* 94 NY2d 756). Accordingly, by failing to pursue the grievance procedure to address his complaint that his keeplock status did not justify SHU confinement, petitioner failed to exhaust an administrative remedy which, in the absence of any exception, warrants dismissal of the petition (*see, Matter of Hakeem v McSweeney,* 212 AD2d 916, *lv denied* 85 NY2d 809; *Matter of Harrison v Leonardo,* 183 AD2d 983).

Crew III, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.