■ In the Matter of DONAHUE A. MILLER, Appellant, v ALAN CROCE, as Chair of the Commission of Correction, et al., Respondents. [736 NYS2d 176] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered April 5, 2000 in Chenango County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

While incarcerated at the Chenango County Jail, petitioner commenced this CPLR article 78 proceeding seeking to compel respondents to permit inmates to have telephone access at 8:10 A.M. in accordance with a "daily inmate schedule" maintained by the jail. According to petitioner, on January 10, 2000, at approximately 8:30 A.M., his request for telephone access to call his attorney was denied. In opposition to the petition, the County respondents submitted the affidavit of a Lieutenant in the Chenango County Sheriff's Department stating, inter alia, that while inmate telephones are ordinarily turned on at the designated time in the schedule, those times are subject to change when necessary for the safety, security and good order of the jail. The County respondents further argue, as an affirmative defense, petitioner's failure to utilize appropriate inmate grievance procedures before commencing the instant proceeding. Supreme Court dismissed the petition finding that petitioner failed to exhaust his administrative remedies resulting in this appeal.

We affirm. Petitioner's claim that he was denied meaningful telephone access in accordance with the daily schedule should have initially been pursued through the inmate grievance procedure. It is clear that a petitioner with a grievance against an agency must first "exhaust all available administrative channels before seeking relief in a judicial proceeding pursuant to CPLR article 78" (*Matter of Beyah v Scully*, 143 AD2d 903,

903; *see, Matter of Cliff v Russell*, 264 AD2d 892, 893). While there are exceptions to this exhaustion doctrine, petitioner has failed to establish that any of the exceptions are applicable here (*see, Matter of Ross v Ricks*, 268 AD2d 925).

The remaining issues raised by petitioner are either lacking in merit or rendered academic by resolution of the foregoing issue.

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.