■ In the Matter of JARQUAY A. ABDULLAH, Appellant, v ROY A. GIRDICH, as Superintendent of Franklin Correctional Facility, Respondent. [746 NYS2d 851]

Petitioner was a prison inmate in April 2001 when he filed a grievance alleging that certain funds used to defray court filing fees had been improperly deducted from his account at the correctional facility, leaving it with a balance of less than $10. By decision dated April 26, 2001, the Inmate Grievance Review Committee sustained petitioner's grievance and respondent subsequently credited petitioner's account with $1.13, the sum deemed to have been improperly deducted. Petitioner then initiated an appeal from respondent's determination to the Central Office Review Committee (hereinafter CORC), which ultimately rendered its decision on June 27, 2001 confirming respondent's determination. Instead of waiting for CORC's decision, however, petitioner commenced the instant review proceeding with a petition dated June 4, 2001 and received by Supreme Court on June 19, 2001. The petition was dismissed pursuant to the judgment under review on the ground that petitioner had failed to exhaust his administrative remedies before seeking judicial review.

We affirm. A petitioner must exhaust all administrative remedies before seeking judicial review unless he or she is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm (*see Matter of Ross v Ricks*, 268 AD2d 925, 926; *Matter of Cliff v Russell*, 264 AD2d 892, 893). None of these exceptions to the exhaustion doctrine is applicable here; hence, petitioner's failure to exhaust the available administrative remedies was properly cited by Supreme Court as requiring the dismissal of his petition. Petitioner's oversight was not cured by the decision that was rendered by CORC after his judicial proceeding was filed (*see Matter of Whitehead v Russi*, 201 AD2d 825).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.