■ In the Matter of TERENCE BODDIE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [762 NYS2d 295] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 30, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding seeking review of respondents' decision denying his request for a pair of special sneakers deemed medically necessary by petitioner due to his degenerative foot condition. Supreme Court dismissed the proceeding for lack of personal jurisdiction based upon petitioner's failure to comply with the service requirements set forth in the order to show cause (see Matter of Rivera v Selsky, 292 AD2d 665 [2002]; Matter of Burnside v Lacy, 269 AD2d 634 [2000]). As petitioner has failed to make a showing that his imprisonment presented obstacles beyond his control that prevented his compliance, the petition was properly dismissed on this ground (see Matter of Morales v Selsky, 278 AD2d 603 [2000], lv denied 96 NY2d 708 [2001]).

As noted by Supreme Court, even if personal jurisdiction had been obtained over all of the named respondents, dismissal of the petition would be mandated by petitioner's failure to exhaust his administrative remedies (see Matter of Miller v Croce, 290 AD2d 662 [2002]). As the inmate grievance program was completely bypassed by petitioner (see 7 NYCRR 701.7), there is no final administrative determination to be the subject of review of this CPLR article 78 proceeding (see CPLR 7801 [1]). Petitioner's informal letters of complaint, addressed to respondent Commissioner of Correctional Services and the superintendent of petitioner's correctional facility, among others, are insufficient to satisfy the requirement that he first seek a solution to his complaint by formal participation in the inmate grievance program (see Matter of Miller v Croce, supra). The remaining issues raised by petitioner are either lacking in merit or have been rendered academic.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.