■ In the Matter of DWAYNE PULLIAM, Appellant, v J.P. WAITE, as Captain of Southport Correctional Facility, Respondent. [778 NYS2d 323]—Appeal from a judgment of the Supreme Court (Monserrate, J.), entered May 14, 2003 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Southport Correctional Facility finding him guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, hung a sheet in front of his cell and refused a correction officer's directive to remove it. As a result, he was charged in a misbehavior report with violating the prison disciplinary rules prohibiting inmates from obstructing visibility into their cells and refusing a direct order. Following a tier II disciplinary hearing, he was found guilty of both charges and this determination was affirmed upon administrative appeal. He commenced this CPLR article 78 proceeding challenging this determination and, after rejecting petitioner's claims of retaliation, hearing officer bias and denial of witnesses and documentary evidence, Supreme Court dismissed the petition. This appeal ensued.

Petitioner's primary challenge is to the legality of the prison disciplinary rule prohibiting inmates from obstructing visibility into their cells, which he asserts is inconsistent with Penal Law § 245.11. This claim, however, was not raised in petitioner's administrative appeal or in his petition and, therefore, has not been preserved for our review (*see Matter of Corona v New York State Dept. of Correctional Servs.*, 2 AD3d 1118 [2003]; *Matter of Wright v Goord*, 262 AD2d 876, 877 [1999]). In any event, a claim of this nature falls within the confines of the prison grievance procedure (*see* 7 NYCRR 701.2 [a]) and should not be brought in the context of a prison disciplinary proceeding. Since petitioner failed to exhaust his administrative remedies by filing a grievance, dismissal of the claim would be warranted even if it were preserved (*see Matter of Miller v Croce*, 290 AD2d 662, 662-663 [2002]; *Matter of Johnson v Ricks*, 278 AD2d 559, 559 [2000], *lv denied* 96 NY2d 710 [2001]). As to petitioner's contention that he was denied the right to call certain witnesses, we find no error as such witnesses did not have direct knowledge of the incident in question and the Hearing Officer properly concluded that their testimony was irrelevant (*see Matter of Alexander v Goord*, 3 AD3d 638 [2004]; *Matter of Miller v Goord*, 1 AD3d 647, 648 [2003]).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.