■ In the Matter of TODD CHANEY et al., Appellants, v P. VAN GUILDER, as Deputy Superintendent of Security of Great Meadow Correctional Facility, et al., Respondents. [788 NYS2d 227]—

Spain, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered September 25, 2003 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Great Meadow Correctional Facility denying petitioners' grievances.

In June 2002, while incarcerated at Great Meadow Correctional Facility in Washington County, petitioners submitted an application to voluntarily be housed in the same cell. The application was denied by respondent Larry Brockway based upon petitioners' "history of demonstrated behavior." In July 2002, the matter was reviewed by respondent Deputy Superintendent of Security, who also denied the request. Petitioners filed grievances challenging the denial. After the matter had progressed through various stages of the grievance procedure, including a denial by the Superintendent of the correctional facility, the grievances were ultimately denied by the Central Office Review Committee (hereinafter CORC) on September 4, 2002. Before this final determination was rendered, however, petitioners commenced the instant CPLR article 78 proceeding. Following the denial of respondents' motion to dismiss the petition for failure to exhaust administrative remedies, respondents served their answer. Supreme Court then dismissed the petition on the merits, finding that inasmuch as the denial was based upon petitioners' involvement in prohibited sexual activity, it had a rational basis. Petitioners now appeal.

We affirm. Initially, we note that insofar as petitioners initiated this pro se proceeding by a petition verified on August 15, 2002 and filed, along with an unsigned order to show cause, with the court on August 19, 2002, the proceeding is deemed to have been commenced on the latter date (*see Matter of Grant v Senkowski,* 95 NY2d 605, 609-610 [2001]), which was prior to CORC's final determination denying the grievance. Notably, the petition makes no mention of CORC's denial, referencing only the denials of Brockway and the Superintendent. Thus, the proceeding was commenced before petitioners exhausted their administrative remedies under the grievance procedure and, therefore, the petition should have been dismissed on this basis (*see Matter of West v McGinnis,* 4 AD3d 654, 655 [2004]; *Matter of Abdullah v Girdich,* 297 AD2d 844, 845 [2002]).

Moreover, considering the merits, we agree with Supreme

Court that the discretionary denial of petitioners' request had a rational basis (*see Matter of Cliff. v Brady,* 290 AD2d 895, 896 [2002], *lv denied and dismissed* 98 NY2d 642 [2002]; *see also* 7 NYCRR 1701.5 [a], [c] [1]; [f]). Here, confidential information fully supported the denial of petitioners' request to share a cell. The fact that comparable behavior is automatic grounds for denying such a request where an inmate is found guilty after a disciplinary hearing (*see* 7 NYCRR 1701.5 [c] [4] [iv]) does not in any way inhibit the Deputy Superintendent of Security from exercising his or her discretion in denying a request for double-cell housing under circumstances such as those presented here (*see* 7 NYCRR 1701.5 [a], [e], [f]). We have considered petitioners' remaining claims and find that they do not support disturbing the determination.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.