■ In the Matter of CHRISTOS GEORGIOU, Appellant, v SHNAH D. DANIEL, as Commissioner of the Central Office of the Department of Correctional Services, Respondent. [801 NYS2d 421]—

Spain, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 19, 2004 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying petitioner's application to participate in the family reunion program.

Petitioner is presently an inmate at Green Haven Correctional Facility in Dutchess County where he is serving two concurrent prison terms of 20 years to life for the beating death of a 75-year-old woman while stealing her purse. While incarcerated, petitioner applied to participate in the family reunion program (hereinafter FRP), whereby selected inmates are given the opportunity to meet privately with family members for an extended period of time (*see* 7 NYCRR 220.1). Petitioner's application was subject to special review because he was designated as a "central monitoring case" (*see* 7 NYCRR 1000.2 [b]; 1000.3 [b] [2] [viii]; *see also* 7 NYCRR 220.2 [c] [1] [i]). Petitioner's first application for participation in the FRP was denied and petitioner was advised that he needed to complete aggression replacement therapy (hereinafter ART). Upon completing the ART, petitioner again sought to participate in the FRP. His application was again denied as he was considered a poor candidate for unsupervised visits based on the nature of his crime.

Petitioner appealed, and before a determination was rendered, he commenced the instant CPLR article 78 proceeding. Several weeks later, petitioner's administrative appeal was denied, citing the heinous nature of petitioner's crime, security concerns and petitioner's disciplinary records, which included a recent tier II misbehavior report. Supreme Court dismissed the petition on the merits, finding that the Department of Correctional Services had broad discretion in determining an inmate's participation in the program and that it had a rational basis for the denial. Petitioner now appeals.

We affirm. Initially, we note that petitioner initiated this proceeding by a verified petition filed on March 8, 2004, which was prior to the final determination denying his application. "[A] petitioner must exhaust all administrative remedies before seeking judicial review unless he or she is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm" (*Matter of Abdullah v Girdich*, 297 AD2d 844, 845 [2002]; *see Matter of Ross v Ricks*, 268 AD2d 925, 926 [2000]; *Matter of Cliff v Russell*, 264 AD2d 892, 893 [1999]). None of these exceptions to the exhaustion doctrine is applicable here, and petitioner's oversight was not cured by the final decision that was rendered after his judicial proceeding was filed (*see Matter of Abdullah v Girdich, supra* at 845; *Matter of Whitehead v Russi*, 201 AD2d 825, 825 [1994]). Thus, the proceeding was commenced before petitioner exhausted his administrative remedies and, therefore, the petition should have been dismissed on this basis (*see Matter of Chaney v Van Guilder*, 14 AD3d 739, 740 [2005]).

Nevertheless, were we to consider the merits, we would agree with Supreme Court that the denial of petitioner's participation in the FRP had a rational basis (*see Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). We note that the administrative decision process determining whether a particular prisoner shall be allowed to participate in the FRP is "heavily discretionary" (*Matter of Doe v Coughlin*, 71 NY2d 48, 55-56 [1987], *cert denied* 488 US 879 [1988]), and that the Department must consider and balance a number of delineated factors, including the prisoner's security classification, his behavioral history and the nature of his underlying conviction (*see* 7 NYCRR 220.2; *Matter of Doe v Coughlin, supra* at 55; *Matter of Payne v Goord*, 12 AD3d 733, 735 [2004]). Here, these factors were properly considered. Under these circumstances, we conclude that the determination is supported by a rational basis (*see Matter of Couser v Goord*, 1 AD3d

663, 665 [2003]). Each of petitioner's remaining contentions has been carefully considered in reaching this decision.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.