■ In the Matter of JOHN VELEZ, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [809 NYS2d 278]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered June 6, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction.

Petitioner commenced this CPLR article 78 proceeding challenging the denial of his grievance regarding the alleged lack of proper medical treatment. Supreme Court granted respondent's motion to dismiss the petition for lack of personal jurisdiction and we affirm. The order to show cause directed petitioner to serve respondent and the Attorney General with the order to show cause, petition and other supporting affidavits by first class mail on or before March 25, 2005. Affidavits on behalf of the Attorney General and respondent state that the necessary documents were not received by their offices until March 31, 2005 and April 1, 2005, respectively. Moreover, the envelope addressed to the Attorney General was not postmarked until March 28, 2005. While petitioner relies on his sworn affidavit of service indicating that he mailed the documents on March 16, 2005 in support of his claim that his incarceration interfered with his ability to effect timely service as directed in the order to show cause, the date of the notary, March 8, 2004, is prior to the date upon which petitioner claims he mailed the documents. Inasmuch as petitioner failed to comply with the service requirements as directed in the order to show cause in a timely manner, Supreme Court properly dismissed the petition (*see Matter of Sosa v New York State Div. of Parole*, 18 AD3d 1047 [2005]; *Matter of Burnside v Lacy*, 269 AD2d 634 [2000]). Even if the year 2004 was a typographical error, the day March 8, which was handwritten, was eight days prior to the mailing.

Crew III, J.P., Carpinello, Mugglin, Lathinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.