■ In the Matter of INJAH TAFARI, Appellant, v LUCIEN J. LECLAIRE, as Acting Commissioner of Correctional Services, Respondent. [912 NYS2d 459]—

Garry, J. Appeals (1) from a judgment of the Supreme Court (McDonough, J.), entered July 24, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, partially granted respondent's motion to dismiss the petition, and (2) from a judgment of said court, entered December 31, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Five Points Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, filed grievances complaining of, among other things, prison officials' failure to provide him with appropriate kosher meals and their insistence that he cut his dreadlocks. After he refused to have his hair cut on religious grounds, he was also charged in a misbehavior report with refusing a direct order and was found guilty as charged. Petitioner commenced this CPLR article 78 proceeding challenging both the prison disciplinary determination and the denials of his grievances. Supreme Court granted respondent's pre-answer motion to dismiss the petition insofar as it pertained to the grievances, and petitioner appeals. Petitioner also appeals from Supreme Court's subsequent dismissal on the merits of the remaining portion of the petition dealing with the prison disciplinary determination.

We first address Supreme Court's dismissal of the petition insofar as it pertained to petitioner's various grievances. Petitioner commenced this proceeding before exhausting his administrative remedies for all but one of the challenged grievances, and Supreme Court properly dismissed those portions of the petition (*see Matter of Rivera v Nuttall*, 30 AD3d 855, 855-856 [2006]; *Matter of Chaney v Van Guilder*, 14 AD3d 739, 740 [2005]). We are, however, persuaded that petitioner exhausted his administrative remedies and sufficiently stated a cause of action with regard to the remaining grievance, which primarily challenged his inability to obtain appropriate kosher meals. Accordingly, respondent's motion to dismiss should have been denied with respect to the Central Office Review Committee's determination of September 6, 2006, and we remit to Supreme Court for a determination of that issue (*see Matter of Abreu v Hogan*, 72 AD3d 1143, 1144 [2010], *appeal dismissed* 15 NY3d 836 [2010]; *Matter of Nowlin v Schriver*, 269 AD2d 630, 630-631 [2000]).

Lastly, the Attorney General has advised this Court that the prison disciplinary determination at issue has been administratively reversed and that all references thereto have been expunged from his institutional record. Petitioner has accordingly received all the relief to which he is entitled with regard to that determination, and his appeal from Supreme Court's rejection of his challenge to it is dismissed as moot (*see Matter of Weems v Fischer*, 75 AD3d 681, 682 [2010], *appeal dismissed* 15 NY3d 917 [2010]).

Spain, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment entered July 24, 2007 is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion dismissing that portion of the petition challenging the Central Office Review Committee's determination dated September 6, 2006; motion denied to that extent and matter remitted to the Supreme Court to permit respondents to serve an answer within 15 days of the date of this Court's decision; and, as so modified, affirmed. Ordered that the appeal from the judgment entered December 31, 2007 is dismissed, as moot, without costs.