■ In the Matter of ANTHONY CORRENTI, Appellant, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [939 NYS2d 728]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered March 3, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was charged in a misbehavior report with soliciting a sexual act (disciplinary rule 101.10 [7 NYCRR 270.2 (B) (2) (i)]) and violating facility correspondence procedures (disciplinary rule 180.11 [7 NYCRR 270.2 (B) (26) (ii)]) after a search of his outgoing mail revealed, among other things, that a letter mailed to his father contained a second letter and instructions that the second letter be forwarded to a female friend. The contents of that second letter included explicit descriptions of sexual activity. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the charge alleging a violation of facility correspondence procedures, but he pleaded not guilty to the solicitation charge. He contended at the hearing that rule 101.10 (*see* 7 NYCRR 270.2 [B] [2] [i]) should not apply because his letter constituted a conversation about sex between him and another adult who ostensibly was not in prison. His argument was rejected and he was found guilty of the solicitation charge. In his administrative appeal, he specifically argued that the language of rule 101.10 should not be interpreted in such a manner as to apply to his female friend, and that such an interpretation violated his constitutional right to free speech. The determination was affirmed and he commenced this CPLR article 78 proceeding. Respondent made a preanswer motion to dismiss pursuant to CPLR 3211 (a) (7) upon the ground that petitioner's "claims have been waived because of the failure to

raise the objections administratively." Respondent's motion was granted and petitioner appeals.

Failure to raise an issue at the administrative level—the disciplinary hearing or the administrative appeal—results in the issue not being preserved for judicial review (*see Matter of Quinones v Fischer*, 67 AD3d 1285, 1286 [2009]; *Matter of Cayenne v Goord*, 16 AD3d 782, 783 [2005]; *Matter of Corona v New York State Dept. of Correctional Servs.*, 2 AD3d 1118 [2003]). "However, lack of preservation that arises from the failure to raise an issue at a disciplinary hearing should be confined to those instances in which the Hearing Officer has the opportunity to correct the deficiency if so raised" (*Matter of Morales v Fischer*, 89 AD3d 1346, 1346 [2011] [citations omitted]). Here, petitioner asserted several times at the hearing that rule 101.10 should not apply to his situation because the underlying communication was intended for a non-inmate adult. He further sharpened this assertion in his administrative appeal where he set forth both interpretive and constitutional arguments, which are the same arguments he is pursuing in his CPLR article 78 proceeding. The issues were adequately raised at the administrative level to preserve them for review and, accordingly, respondent's pre-answer motion to dismiss should have been denied (*see Matter of Tafari v Leclaire*, 79 AD3d 1465, 1466 [2010], *lv dismissed* 16 NY3d 826 [2011]).

Peters, J.P., Lahtinen, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of the date of this Court's decision.