■ In the Matter of ANTHONY CORRENTI, Appellant, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [962 NYS2d 829]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered July 10, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review that part of a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating the prison disciplinary rule prohibiting solicitation.

The underlying facts of this case are more fully set out in our prior decision in this matter (93 AD3d 970 [2012]). Briefly, petitioner was charged in a misbehavior report with violating facility correspondence procedures and soliciting sex acts. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the facility correspondence violation and was found guilty of solicitation. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding challenging only that part of the determination finding him guilty of solicitation. Supreme Court dismissed the proceeding following joinder of issue, and petitioner now appeals.

Petitioner contends in his petition that his actions in writing to a non-inmate are not encompassed by the rule prohibiting solicitation and that, to the extent the rule does include such conduct, it runs afoul of the First Amendment. Respondent concedes, and we agree, that the determination finding petitioner guilty of soliciting a sex act cannot be sustained. Inasmuch as a loss of good time was imposed, the matter must

be remitted to the Commissioner of Corrections and Community Supervision for a redetermination of the penalty imposed (*see Matter of Linnen v Prack*, 92 AD3d 986, 987 [2012], *lv dismissed* 20 NY3d 905 [2012]).

Peters, P.J., Mercure, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.