OPINION OF THE COURT
Michael H. Melkonian, J.
*398 Petitioner Shawn Campbell, a correctional inmate, challenges respondent’s denial of his grievance regarding the denial of his application to participate in the Department of Corrections and Community Supervision (DOCCS) family reunion program (FRP).
Petitioner is currently serving an indeterminate sentence of imprisonment of 25 years to life upon his conviction of the crimes of murder in the second degree and burglary in the first degree. During this period of incarceration, he has married three different women. He applied to participate in the FRP, whereby selected inmates are given the opportunity to meet privately with family members for an extended period of time (see 7 NYCRR 220.1), with his third wife. His application was disapproved and he was informed that
“[rjecords indicate that you married your third wife, Christine Campbell, on May 22, 2012, divorced your second wife, Catherine Campbell on, October 18, 2011; and divorced your first wife, Tisha Campbell, on October 20, 2009. As such, this marriage/family ties, has not been disrupted as a result of your incarceration. Three marriages to three different women in a relatively short period of time does not show a commitment to preserving, enhancing or strengthening family ties. It is also noted that visiting records indicate a visit from your first wife, Tisha Campbell as recent as August 9, 2014. This may indicate a lack of committment to your current wife.”
After exhausting administrative remedies, petitioner commenced the instant CPLR article 78 proceeding challenging the determination as irrational.
“The Family Reunion Program is designed to provide selected inmates and their families the opportunity to meet for an extended period of time in privacy. The goal of the program is to preserve, enhance and strengthen family ties that have been disrupted as a result of incarceration.” (7 NYCRR 220.1.)
An inmate’s participation in the FRP is a privilege, not a right (Matter of Bierenbaum v Goord, 13 AD3d 945 [2004]; Matter of Mercer v Goord, 258 AD2d 960 [1999], lv denied 93 NY2d 812 [1999]).
“[T]he administrative decision process determining whether a particular prisoner shall be allowed to participate in the FRP is ‘heavily discretionary’. . . and . . . the Department [of Correctional Services] *399 must consider and balance a number of delineated factors, including the prisoner’s security classification, his behavioral history and the nature of his underlying conviction” (Matter of Georgiou v Daniel, 21 AD3d 1230, 1231 [2005] [citations omitted]).
A decision denying an inmate’s application to participate in the FRP will not be disturbed if supported by a rational basis (Matter of Williamson v Nuttall, 35 AD3d 926 [2006]).
Here, the Department of Correctional Services properly considered the various factors outlined in 7 NYCRR 220.2 during the special review process (see generally Matter of Georgiou v Daniel, 21 AD3d 1230 [2005]), but denied petitioner’s application based upon the fact that, inter alia, petitioner married his third wife during petitioner’s period of incarceration. Inasmuch as petitioner’s family ties have not been “disrupted as a result of incarceration” (Matter of Couser v Goord, 1 AD3d 663, 664 [2003]), the court cannot conclude that respondents’ determination was irrational.
Accordingly, the petition is dismissed, and the relief requested therein is in all respects denied.