Matter of Green v Kirkpatrick (2018 NY Slip Op 08406)





Matter of Green v Kirkpatrick


2018 NY Slip Op 08406


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526956

[*1]In the Matter of SHAWN GREEN, Appellant- Petitioner, AND JUDGMENT
v
MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, Respondent- Respondent.

Calendar Date: October 26, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Shawn Green, Dannemora, appellant-petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent-respondent.



MEMORANDUM AND ORDER
(1) Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 27, 2018 in Clinton County, which dismissed that part of petitioner's application, in a proceeding pursuant to CPLR article 78, to review (a) a July 31, 2017 determination of respondent finding petitioner guilty of violating certain prison disciplinary rules and (b) determinations of respondent denying petitioner's grievances, and (2) proceeding pursuant to CPLR article 78 (partially transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a May 26, 2017 determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging tier II disciplinary determinations dated May 26, 2017 and July 31, 2017 that found him guilty of violating various prison disciplinary rules and challenging the denial of five grievances. Supreme Court dismissed that part of the petition challenging the July 31, 2017 disciplinary determination and the denial of the grievances and transferred to this Court that portion of the petition challenging the May 26, 2017 disciplinary determination.
Initially, there is no proof in the record that petitioner exhausted his administrative remedies by administratively appealing the July 31, 2017 disciplinary determination. Accordingly, we find that Supreme Court properly dismissed the portion of the petition challenging that determination (see Matter of Ifill v Fischer, 79 AD3d 1322, 1322 [2010]; Matter of Hendricks v Franklin Correctional Facility, 249 AD2d 856, 856 [1998]).
Petitioner also challenges the denial of five grievances that he filed between May 3, 2017 and August 23, 2017. The record reflects that petitioner did not appeal respondent's denial of the first four of the grievances to the Central Office Review Committee (hereinafter CORC) [*2]and, therefore, he did not exhaust his administrative remedies regarding those grievances (see Matter of Jackson v Administration of Bare Hill Corr. Facility, 139 AD3d 1191, 1192 [2016]; Matter of Fulton v Reynolds, 83 AD3d 1308, 1308-1309 [2011]. Although petitioner did appeal respondent's denial of the fifth grievance to CORC, he commenced this proceeding prior to CORC issuing a decision on that appeal. Therefore, the proceeding was commenced prior to petitioner exhausting his administrative remedies regarding the denial of this grievance as well (see Matter of Chaney v Van Guilder, 14 AD3d 739, 740 [2005]; Matter of Abdullah v Girdich, 297 AD2d 844, 845 [2002]). Moreover, petitioner has not demonstrated that any of the exceptions to the exhaustion requirement are applicable (see generally Matter of Beaubrun v Annucci, 144 AD3d 1309, 1311 [2016]; Matter of Hyatt v Annucci, 134 AD3d 1359, 1359-1360 [2015]). Accordingly, Supreme Court properly dismissed the challenges to the denials of petitioner's grievances for failing to exhaust administrative remedies.
Turning to the May 26, 2017 disciplinary determination, petitioner was charged in a misbehavior report with creating a disturbance, refusing a direct order, interfering with staff and violating facility movement regulations. According to the report, petitioner was being escorted from a grievance hearing when he stopped to talk to another inmate in the hallway. Petitioner continued to speak with the inmate despite being ordered to stop and then tried to grab his pass and leave the area. Following a tier II disciplinary hearing, petitioner was found guilty of refusing a direct order and violating facility movement regulations, but not guilty of the remaining charges, and this determination was affirmed on administrative appeal.
Contrary to petitioner's contention, the detailed misbehavior report is sufficient, by itself, to provide substantial evidence supporting the determination of guilt (see Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]; Matter of Boitschenko v Annucci, 156 AD3d 1066, 1066 [2017]). Further, the misbehavior report was sufficiently detailed to provide petitioner with adequate notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c] [1]-[3]; Matter of Brown v Venettozzi, 162 AD3d 1434, 1435 [2018]). We have considered petitioner's remaining arguments and find them to be unavailing.
McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ADJUDGED that the May 26, 2017 determination is confirmed, without costs, and petition dismissed to said extent.