Matter of Golston v Director of Div. of Nutritional Servs. (2019 NY Slip Op 00512)





Matter of Golston v Director of Div. of Nutritional Servs.


2019 NY Slip Op 00512


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526703

[*1]In the Matter of CEDRIC GOLSTON, Petitioner,
v
DIRECTOR OF DIVISION OF NUTRITIONAL SERVICES et al., Respondents.

Calendar Date: January 4, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Cedric Golston, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Muller, J.), entered April 5, 2018 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner, a prison inmate with a documented milk allergy, filed a grievance in February 2017 protesting the discontinuance of his therapeutic diet tray, asserting that he was not being provided with adequate milk substitutes at meals and seeking reasonable dietary accommodations. After his grievance was denied, petitioner appealed to the facility Superintendent. In April 2017, the Superintendent found that petitioner was "receiving substitutes for all milk products" and directed petitioner to "address any further issues with medical and mess hall staff." Petitioner then appealed the Superintendent's determination to the Central Office Review Committee (hereinafter CORC), which received petitioner's appeal in June 2017. In November 2017 — prior to CORC's resolution of his appeal — petitioner commenced this CPLR article 78 proceeding alleging, among other things, that respondents were not meeting his dietary needs. Respondents moved to dismiss the petition, asserting that petitioner failed to exhaust his administrative remedies. Supreme Court granted respondents' motion and dismissed the petition, prompting this appeal.
We affirm. Preliminarily, although CORC was required to issue a decision on petitioner's appeal "within the 30-day time limit prescribed by 7 NYCRR 701.5 (d) (3) (ii), such a time limit is directory, not mandatory, and petitioner has not alleged or shown that he was substantially prejudiced by [the] delay" at issue here (Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014]; see Matter of Sheppard v LeFevre, 116 AD2d 867, 868 [1986]; see also Matter of Dickinson v Daines, 15 NY3d 571, 575-577 [2010]). Absent a showing of substantial prejudice, CORC was not divested of jurisdiction (see Matter of Sheppard v LeFevre, 116 AD2d at 868).
"A petitioner must exhaust all administrative remedies before seeking judicial review unless he or she is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm" (Matter of Abdullah v Girdich, 297 AD2d 844, 845 [2002] [citations omitted]; see Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310 [2016]). To the extent that the petition challenges the Superintendent's denial of his grievance, petitioner's remedy was to appeal the Superintendent's determination to CORC; although petitioner did so, he then commenced this CPLR article 78 proceeding prior to CORC rendering a decision on his appeal (see Matter of Green v Kirkpatrick, 167 AD3d 1138, ___, 2018 NY Slip Op 08406, *2 [2018]; Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018]; Matter of Chaney v Van Guilder, 14 AD3d 739, 740 [2005]). To the extent that the petition alleges that respondents are continuing to fail to meet petitioner's dietary needs and, in so doing, are violating certain Department of Corrections and Community Supervision regulations, petitioner's remedy is to file a separate grievance (see generally Matter of Beaubrun v Annucci, 144 AD3d at 1310). We reach a similar conclusion with respect to the allegations that petitioner is being subjected to harassment at meal time and is being issued retaliatory misbehavior reports. In short, regardless of the construction to be afforded to the petition, petitioner has failed to exhaust his administrative remedies under the grievance procedures (see Matter of Tafari v Leclaire, 79 AD3d 1465, 1466 [2010], lv dismissed 16 NY3d 826 [2011]). As petitioner has failed to allege — and we are unable to discern — an exception to the exhaustion doctrine, Supreme Court properly granted respondents' motion to dismiss the petition (see Matter of Green v Kirkpatrick, 2018 NY Slip Op 08406 at *2; Matter of Georgiou v Daniel, 21 AD3d 1230, 1231 [2005])[FN1]. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's omission in this regard was not cured by CORC's issuance of a decision resolving petitioner's administrative appeal after this proceeding was commenced (see Matter of Abdullah v Girdich, 297 AD2d at 845).