Matter of Roundtree v Superintendent of Franklin Corr. Facility (2020 NY Slip Op 01539)





Matter of Roundtree v Superintendent of Franklin Corr. Facility


2020 NY Slip Op 01539


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528375

[*1]In the Matter of Juel Roundtree, Appellant,
v
Superintendent of Franklin Correctional Facility et al., Respondents.

Calendar Date: February 7, 2020

Before: Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Juel Roundtree, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Nichols, J.), entered December 19, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding seeking to challenge various prison disciplinary determinations and the denial of certain grievances regarding his medical care and alleged harassment by prison staff. In lieu of answering, respondents moved to dismiss the proceeding, claiming that petitioner failed to exhaust his administrative remedies in connection with any of the challenged matters. Supreme Court granted respondents' motion, and petitioner appeals.
Respondents now acknowledge that additional information establishes that petitioner did exhaust his administrative remedies with respect to all of the disciplinary matters and that additional grievances, other than the four referenced in their motion to dismiss, exist relevant to his claims of insufficient medical care and alleged staff harassment and no information was submitted in connection with the motion to dismiss as to whether final determinations have been issued as to any of those grievances. As such, respondents withdraw their exhaustion of administrative remedies defense, without prejudice to reassert such defense in their answer insofar as it may be supported by the record with respect to any of petitioner's various claims. In view of the foregoing, respondents' motion should not have been granted and the matter must be remitted to Supreme Court for further proceedings (see Matter of Abreu v Central Off. Review Comm., 162 AD3d 1334, 1335 [2018]; Matter of Tafari v Leclaire, 79 AD3d 1465, 1466 [2010], lv dismissed 16 NY3d 826 [2011]).
Clark, J.P., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision.