Matter of Atta v Director of Nutritional Servs. (2025 NY Slip Op 04285)

Matter of Atta v Director of Nutritional Servs.

2025 NY Slip Op 04285

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-0920
[*1]In the Matter of Mohammed Atta, Appellant,
v
Director of Nutritional Services, Respondent.

Calendar Date:June 20, 2025

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Mohammed Atta, Stormville, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Justin Corcoran, J.), entered April 29, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner, an incarcerated individual, filed a grievance in July 2021 requesting to be served a Halal diet. In a response dated August 12, 2021, the Incarcerated Grievance Resolution Committee (hereinafter IGRC) recommended "that all directives be adhered to in regards to [this] matter." Petitioner appealed this response to the facility superintendent. In a letter to petitioner dated August 30, 2021, the superintendent's representative stated that there were no alternatives to the current menu and instructed petitioner to submit his request for the special diet to respondent. The letter does not reference petitioner's grievance. In October 2023, petitioner commenced this CPLR article 78 proceeding challenging the denial of his request for a Halal diet. Respondent moved to dismiss the petition on the ground that petitioner had not exhausted his administrative remedies. In rebuttal, petitioner argued that by appealing the IGRC's response to the facility superintendent, which petitioner contended was never addressed by the superintendent, he had exhausted his administrative remedies. Supreme Court disagreed and granted the motion to dismiss the petition for a failure to exhaust administrative remedies. This appeal ensued.
We affirm. Pursuant to a Department of Corrections and Community Supervision regulation, there is a three-step process for the disposition of an incarcerated individual's grievance (see 7 NYCRR 701.5). Initially, the grievance is to be submitted to the IGRC for an informal resolution, and the IGRC is required to respond within 16 days (see 7 NYCRR 701.5 [b]). The second step is an appeal of the IGRC's response to the facility superintendent, and the superintendent is required to respond in either 7 or 20 days, depending on the issue being grieved (see 7 NYCRR 701.5 [c]). The third step is an appeal of the superintendent's response to the Central Office Review Committee (hereinafter CORC), which must render a decision within 30 days (see 7 NYCRR 701.5 [d]). Absent the granting of any time extension, matters not decided within the time limits of a step may be appealed to the next step (see 7 NYCRR 701.6 [g] [2]). As such, even if the facility superintendent did not respond to petitioner's appeal, petitioner's administrative remedies were not exhausted as, pursuant to 7 NYCRR 701.6 (g) (2), he could appeal the denial of his grievance to CORC. Inasmuch as the record does not disclose that petitioner filed such an appeal, he has failed to exhaust his administrative remedies (see 7 NYCRR 701.5 [d]; Matter of Walker v Yelich, 170 AD3d 1358, 1360 [3d Dept 2019]; Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [3d Dept 2018], lv denied 32 NY3d 919 [2019]).[FN1] Moreover, petitioner has not established that the exceptions to the exhaustion [*2]requirement are applicable (see Matter of Green v Kirkpatrick, 167 AD3d at 1139; Matter of Beaubrun v Annucci, 144 AD3d 1309, 1311 [3d Dept 2016]). Accordingly, Supreme Court properly granted respondent's motion to dismiss the petition.
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Although petitioner now argues for the first time on appeal that he did appeal the denial of his grievance to CORC, petitioner did not raise this argument before Supreme Court and, therefore, his claim is not preserved for appellate review (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Hamilton v Goord, 32 AD3d 642, 643 [3d Dept 2006], lv denied 7 NY3d 715 [2006]; Matter of Pulliam v Waite, 8 AD3d 841, 841 [3d Dept 2004]).