In the Matter of DAVID J. BURGIN, Petitioner, v CORNELIUS J. KEANE, as Commissioner of Fire of City of Buffalo, et al., Respondents. [798 NYS2d 607]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Rose H. Sconiers, J.], entered July 19, 2000) to annul a determination of respondent Commissioner of Fire of the City of Buffalo. The determination terminated petitioner's employment.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs, the

petition is granted in part, and the matter is remitted to respondent Commissioner of Fire of the City of Buffalo for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination terminating him from his employment as a firefighter. We note at the outset that this proceeding was improperly transferred to us inasmuch as no substantial evidence issue is raised herein. Nevertheless, we consider the merits of the issues raised in the interest of judicial economy (*see Matter of La Rocco v Goord*, 19 AD3d 1073 [2005]; *Matter of Hunt v Goord*, 252 AD2d 982 [1998]).

"It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" (*Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *see Matter of Munich v City of Lackawanna Dept. of Pub. Safety*, 262 AD2d 959 [1999]). We agree with petitioner that his termination was in violation of former section 445 of the Charter of the City of Buffalo (Charter), which provided that "[n]o member of the Police or Fire Department" may be removed, suspended, punished or disciplined except in accordance with the procedures set forth in article 24 of the Charter. In his petition, petitioner alleged that, when he entered the Fire Academy as a trainee firefighter, he "became employed on a permanent, full-time basis by the Respondent City of Buffalo [City] in the capacity of Firefighter" and that, on June 16, 1998, he "was a member of the Fire Department of the City ." Respondents admitted both of those allegations in their answer. Thus, because petitioner was a "member of the . . . Fire Department" (*id.*), respondents were required to comply with the procedures set forth in former article 24. There is no evidence in the record supporting the contention of respondents that they have done so.

Respondents further contend that petitioner's dismissal was governed by the discipline and termination procedures set forth in a collective bargaining agreement (CBA) between petitioner's union and the City, and that such procedures "may modify, supplement, or replace" the provisions of former article 24 (*Carroll v Gunn*, 116 AD2d 686, 688 [1986]). We reject that contention, however, because respondents have failed to submit the CBA or any other documentary evidence in support of their contention.

We therefore annul the determination, grant the petition in part, and remit the matter to respondent Commissioner of Fire

of the City for compliance with the procedures set forth in former article 24. In light of our determination herein, we do not address petitioner's remaining contention. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.