In the Matter of JOSE SHOMO, Petitioner, v ANTHONY ZON, as Superintendent of Wende Correctional Facility, Respondent. [827 NYS2d 391]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Shirley Troutman, A.J.], entered April 14, 2005) to review a determination of respondent. The determination denied petitioner's inmate grievance.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this pro se CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks review of a determination denying his inmate grievance that he has been denied adequate medical care. Initially, we agree with respondent that the determination "was not 'made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law' " (*Matter of Butler v Town of Throop*, 303 AD2d 976, 976 [2003]), and thus Supreme Court erred in transferring the matter to this Court based on a substantial evidence issue (*see Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96 [1998]). Nevertheless, we retain jurisdiction in the interest of judicial economy and dismiss the petition (*see* CPLR 7804 [g]).

"In order for a prisoner to prevail on a claim that he has been denied adequate medical care, he must demonstrate that prison officials acted in a manner 'sufficiently harmful to evidence deliberate indifference to serious medical needs' " (*Matter of Bryant v Brunelle*, 284 AD2d 936, 936 [2001]; *see Estelle v Gamble*, 429 US 97, 106 [1976], *reh denied* 429 US 1066 [1977]). The evidence supports respondent's determination that petitioner's medical needs are being met, and petitioner failed to establish that respondent is deliberately indifferent to serious medical needs of petitioner. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.