Memorandum: These consolidated appeals arise from two judgments that collectively dismissed a single petition in a proceeding pursuant to CPLR article 78. In appeal No. 1, petitioner appeals from a judgment that dismissed those parts of the petition in which he sought to annul the determinations of the Central Office Review Committee of the Department of Correctional Services concerning 10 separate grievances. Upon our review of the record, we conclude that petitioner failed to demonstrate that the denial of four of those grievances, concerning the purported confiscation of his legal papers (grievance No. A-50949-06), reduction in time to be served in the special housing unit (grievance Nos. A-50903-06, A-51003-06) and the conduct of his correction counselor (grievance No. A-51332-06), were affected by an error of law or were arbitrary and capricious (*see Matter of Bryant v Brunelle*, 284 AD2d 936 [2001]; *see also Matter of Wilson v State of N.Y. Dept. of Correctional Servs.*, 261 AD2d 670 [1999], *appeal dismissed* 93 NY2d 1039 [1999]).

The contentions of petitioner concerning the remaining six grievances are based upon challenges to the conditions of his incarceration at Attica Correctional Facility, but petitioner has since been transferred to another correctional facility. He therefore is no longer aggrieved with respect to the determinations concerning those six grievances, and his appeal from the judgment in appeal No. 1 insofar as it concerned those grievances is moot (*see Matter of McKenna v Goord*, 245 AD2d 1074, 1075 [1997], *lv denied* 91 NY2d 812 [1998]; *see also Matter of Parrilla v Donelli*, 25 AD3d 1046 [2006]).

In appeal No. 2, petitioner appeals from a judgment dismissing the remaining part of the petition, which challenged the accuracy of respondent's institutional records. Contrary to petitioner's contention, Supreme Court properly dismissed that part of the petition because petitioner failed to exhaust his administrative remedies with respect to the accuracy of those records (*see* 7 NYCRR 5.52; *Matter of Dickens v Irvin*, 214 AD2d 1006, 1006-1007 [1995]). Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.

■ In the Matter of MITCHELL KALWASINSKI, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of

Correctional Services, Respondent. (Appeal No. 2.) [890 NYS2d 845]—

Same memorandum as in *Matter of Kalwasinski v Fischer* (68 AD3d 1722 [2009]). Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.

FRANK A. BERSANI, M.D., Respondent-Appellant, v TEXACO, INC., Appellant-Respondent. [890 NYS2d 845]—

Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.

HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK, Appellant-Respondent, v DAVID W. ROBINSON, Individually and as Administrator of the Estate of SANDRA F. ROBINSON, Deceased, Respondent-Appellant. [890 NYS2d 846]—

Memorandum: We affirm the judgment insofar as it granted plaintiff's motion to dismiss the counterclaims for reasons stated in the decision at Supreme Court dated July 14, 2008. We also affirm the judgment insofar as it granted defendant's motion to dismiss the complaint as a sanction pursuant to CPLR 3126. Defendant met his initial burden by establishing that plaintiff engaged in willful, contumacious or bad faith conduct by failing to comply with a court order concerning outstanding discovery demands, thereby shifting the burden to plaintiff to offer a reasonable excuse for its noncompliance, and plaintiff failed to meet that burden (*see Hill v Oberoi*, 13 AD3d 1095 [2004]). Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.