■ In the Matter of GUY McEACHIN, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [897 NYS2d 577]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered August 18, 2009) seeking, inter alia, to annul the determination of respondent finding after a tier II hearing that petitioner violated an inmate rule.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, to annul the determination following a tier II hearing that he violated inmate rule 118.31 (7 NYCRR 270.2 [B] [19] [ix] [tampering with an electrical device]), by tampering with a plastic hot pot that was discovered in a melted condition in his cell. Petitioner had also been charged with violating inmate rule 116.11 (7 NYCRR 270.2 [B] [17] [ii] [tampering with state or personal property without authorization]), but the Hearing Officer determined that he did not in fact violate that rule. In Supreme Court, petitioner challenged the determination finding that he violated inmate rule 118.31, and he also challenged the determination denying an unrelated grievance he had filed with the correctional facility concerning the deduc-

tion of postage from his inmate account. The court then transferred the entire proceeding to us pursuant to CPLR 7804 (g). We note at the outset that, although the court erred in transferring that part of the proceeding concerning the postage grievance to this Court inasmuch as the determination with respect to that grievance was "not made as a result of a hearing held . . . pursuant to direction by law" (*Matter of Pawlowski v Big Tree Volunteer Firemen's Co., Inc.*, 12 AD3d 1030, 1031 [2004] [internal quotation marks omitted]), we nevertheless address that determination in the interest of judicial economy (*see Matter of Burgin v Keane*, 19 AD3d 1127, 1128 [2005]).

We conclude that the determination that petitioner violated inmate rule 118.31 is supported by substantial evidence, i.e., the misbehavior report, the admission of petitioner that the pot was his, and the Hearing Officer's examination of the pot (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139-140 [1985]). In addition, we conclude that the determination denying petitioner's postage grievance was not arbitrary and capricious or an abuse of discretion (*see generally Matter of La Rocco v Goord*, 19 AD3d 1073 [2005]). Present—Scudder, P.J., Smith, Fahey and Lindley, JJ. **[As amended by unreported motion dated June 11, 2010, *see* 2010 NY Slip Op 74251(U).]**