In the Matter of TOMMY GRANT, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [927 NYS2d 474]—

As a result of an investigation, correction officials obtained information that petitioner was extorting another inmate for his commissary purchases. A correction officer actually observed the other inmate return from the commissary and turn over his commissary items to petitioner. Upon searching petitioner's cell, the officer found the subject items for which petitioner did not have a receipt. Petitioner explained that he was holding the items for the other inmate. As a result, he was charged in a misbehavior report with extortion and engaging in an unauthorized exchange. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner's sole contention is that the misbehavior report did not afford him adequate notice of the charges as required by 7 NYCRR 251-3.1 (c) (3) because it incorrectly stated that the incident occurred on April 13, 2010 when it actually happened on April 14, 2010.* Although petitioner raised this objection at the hearing and it was established that the commissary purchase did, in fact, occur on April 14, 2010, we find petitioner's claim to be without merit. The misbehavior report set forth the rule violations and described in detail the conduct providing the basis for the charges. Notably, petitioner did not dispute possessing the items that the inmate purchased at the commissary. Notwithstanding the minor date discrepancy, the misbehavior report was sufficiently specific to apprise petitioner of the charges so as to enable him to prepare a defense (*see Matter of Ponder v Fischer*, 54 AD3d 1094, 1095 [2008]; *Matter of Camacho v Goord*, 284 AD2d 678, 678 [2001]). Furthermore, petitioner has not demonstrated that he was prejudiced by the inaccuracy (*see Matter of Arriaga v Smith*, 70 AD3d 1160, 1160 [2010]; *Matter of Argentina v Bezio*, 69 AD3d 1287, 1288 [2010], *lv denied* 14 NY3d 709 [2010]). Therefore, we find no reason to disturb the determination of guilt.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* While the petition raised a question of substantial evidence and the proceeding was properly transferred to this Court, petitioner has abandoned such claim by not addressing it in his brief (*see Matter of Garcia v Smith*, 78 AD3d 1362, 1363 n [2010]).