# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**405**

**TP 11-01530**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF RAMON ALVAREZ, PETITIONER,

V                                            MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

RAMON ALVAREZ, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [John L.
Michalski, A.J.], entered July 26, 2011) to review determinations of
respondent and for injunctive and declaratory relief.  The
determinations found that petitioner had violated various inmate rules
and transferred petitioner to Gowanda Correctional Facility to attend
a sex offender counseling and treatment program.

It is hereby ORDERED that the determinations are unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determinations, following two separate
disciplinary hearings, that he violated various inmate rules.  He also
seeks to challenge a determination transferring him into a sexual
offender counseling and treatment program (SOCTP) and the denial of a
grievance in which he alleged that he was denied medical attention
after he was allegedly assaulted by correction officers.  With respect
to the relief requested for the SOCTP transfer, petitioner sought an
order annulling that determination and returning him to his status
before he was placed in the SOCTP facility.  Even assuming, arguendo,
that the petition raised a substantial evidence issue and thus that
the proceeding was properly transferred to this Court (*see Matter of
Grant v Prack*, 86 AD3d 885, 886 n), we note that petitioner in his
brief to this Court does not raise a substantial evidence issue.  We
thus deem abandoned any substantial evidence issue (*see Matter of
Lineberger v Bezio*, 89 AD3d 1293, 1294; *Grant*, 86 AD3d at 886 n).

On December 17, 2010, petitioner was served with a Tier III
misbehavior report (first MBR) alleging that he violated rules 101.22
(7 NYCRR 270.2 [B] [2] [v] [stalking]), 106.10 (7 NYCRR 270.2 [B] [7]

[i] [refusal to obey orders]), and 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]).  Petitioner's contention that he was denied an employee assistant is not properly before us inasmuch as it was not raised in the petition (*see Matter of Pigmentel v Selsky*, 19 AD3d 816, 817; *Matter of Crawford v Kelly*, 124 AD2d 1018).  In any event, his contention lacks merit.  Petitioner signed a document waiving the right to an employee assistant, and he has demonstrated no prejudice resulting from the lack of such an assistant (*see Matter of Truman v Fischer*, 75 AD3d 1019, 1020; *Matter of Johnson v Goord*, 297 AD2d 881, 883).  Petitioner further contends that the Hearing Officer who presided at the hearing on the first MBR was biased.  That contention, however, also is not properly before us (*see Matter of Madison v Cunningham*, 67 AD3d 1141, 1142; *Matter of Smith v Fischer*, 64 AD3d 1061, 1062, *lv denied* 13 NY3d 712).  In any event, we again conclude that the contention lacks merit.  "The record does not support petitioner's contention that the Hearing Officer was biased or that the determination flowed from the alleged bias" (*Matter of Rodriguez v Herbert*, 270 AD2d 889, 890; *see Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502).  Petitioner's final contention with respect to the first MBR is that he was denied his right of confrontation when he was denied access to adverse evidence.  Petitioner failed to exhaust his administrative remedies with respect to that contention, and this Court has no discretionary authority to reach that contention (*see Matter of Nelson v Coughlin,* 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

While petitioner was confined in the special housing unit (SHU) as a result of the first MBR, he was served with another MBR (second MBR) alleging that he violated rules 113.22 (7 NYCRR 270.2 [B] [14] [xii] [possessing articles in unauthorized areas]) and 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing to obey orders promptly and without argument]).  The second MBR was written on December 21, 2010.  Contrary to petitioner's contention, the hearing on the second MBR was timely commenced and completed (*see* 7 NYCRR 251-5.1 [a], [b]).  Because "petitioner was already confined to [the SHU] as a result of an unrelated matter when he received the instant misbehavior report[,] . . . the seven-day rule for commencing the hearing was inapplicable" (*Matter of Faison v Senkowski*, 256 AD2d 702, *appeal dismissed* 93 NY2d 870; *see* 7 NYCRR 251-5.1 [a]; *Matter of Applewhite v Goord*, 45 AD3d 1112, *lv denied* 10 NY3d 711; *Matter of Rodriguez v Goord*, 276 AD2d 493).  Petitioner also contends that the hearing on the second MBR was untimely under section 251-5.1 (b) because it was not completed within 14 days following the writing of the second MBR.  That contention lacks merit.  "In calculating the 14-day time period, the date the misbehavior report is written is excluded" (*Matter of Freeman v Selsky*, 270 AD2d 547, 547-548; *see Matter of Harris v Goord*, 268 AD2d 933, 934; *see generally* General Construction Law § 20).  Here, the second MBR was written on December 21, 2010, and the hearing was completed on January 4, 2011, which was within the requisite time period.

Petitioner further contends that the Hearing Officer presiding over the hearing on the second MBR was biased as well, but he failed to exhaust his administrative remedies with respect to that contention

(*see Nelson*, 188 AD2d at 1071).  With respect to petitioner's contention that he did not receive adequate employee assistance on the second MBR, we conclude that his contention is not properly before us inasmuch as petitioner did not raise that contention in his petition (*see Pigmentel*, 19 AD3d at 817; *Crawford*, 124 AD2d 1018).

Finally, we note that Supreme Court erred in transferring that part of the proceeding related to the SOCTP transfer and medical attention grievances to this Court inasmuch as any determinations with respect to those grievances were " 'not made as a result of a hearing held . . . pursuant to direction by law' " (*Matter of McEachin v Fischer*, 71 AD3d 1558, 1559, *amended on rearg on other grounds* 74 AD3d 1879; *see* CPLR 7803 [4]; *Matter of Shomo v Zon*, 35 AD3d 1227).  We nevertheless address the contentions with respect thereto in the interest of judicial economy (*see McEachin*, 71 AD3d at 1559; *Shomo*, 35 AD3d 1227).  In his brief to this Court, petitioner does not raise any arguments with respect to his placement in the SOCTP program, and thus his "challenge to [that] determination is deemed abandoned" (*Matter of Lamage v Bezio*, 74 AD3d 1676, 1676; *see Matter of Gathers v Artus*, 59 AD3d 795).  In any event, petitioner admits that his grievances related to the SOCTP transfer were summarily rejected by the Grievance Office and that there was no determination thereon, and that the Grievance Office stated that it never received his purported grievance related to the denial of medical care.  Thus, petitioner does not dispute that he did not receive a determination on his purported grievances and did not file any administrative appeals related to the purported denial of his grievances.  Because petitioner has failed to exhaust administrative remedies with respect to those alleged grievances, we have no discretion to address the merits of his contentions related to them (*see Matter of Fulton v Reynolds*, 83 AD3d 1308, 1308-1309; *Matter of Torres v Fischer*, 73 AD3d 1355, 1356; *Matter of Francis v Hollins*, 255 AD2d 1008, *lv denied* 93 NY2d 801).

Entered:  April 20, 2012                          Frances E. Cafarell
                                                  Clerk of the Court