■ In the Matter of GLENN BOOKMAN, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [952 NYS2d 303]—

McCarthy, J.

Petitioner, a prison inmate, was charged in a misbehavior report with violent conduct, refusing a direct order, making threats and a movement regulation violation after getting into a verbal confrontation with correction officers. Following a tier III disciplinary hearing, petitioner was found not guilty of violent conduct, but guilty of the remaining charges. That determination was upheld upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination, as well as determinations denying three grievances that he claims to have filed on July 12, 2010, August 20, 2010 and September 24, 2010. Supreme Court addressed petitioner's grievances and issued a judgment dismissing that part of the petition seeking to vacate the grievance determinations. Petitioner appeals from that judgment. Supreme Court transferred to this Court the remaining portion of the petition which sought to annul the disciplinary determination.

Turning first to the denial of petitioner's grievance filed on September 24, 2010, inasmuch as it involved allegations of misconduct by correction officers that occurred on August 17, 2010, the grievance was untimely (*see* 7 NYCRR 701.5 [a] [1]). Although petitioner contends that grievances concerning staff misconduct filed by him on July 12, 2010 and August 20, 2010 were also improperly denied, an affidavit from the inmate grievance program supervisor confirms that petitioner never filed formal grievances corresponding to those dates. Accordingly, Supreme Court properly concluded that petitioner failed to exhaust his administrative remedies regarding these complaints (*see Matter of Muniz v David*, 16 AD3d 939, 939-940 [2005]).

Regarding the disciplinary determination, the misbehavior report and the hearing testimony of a correction officer involved in the incident constitute substantial evidence supporting the determination (*see Matter of Green v Fischer*, 77 AD3d 1011, 1012 [2010], *lv denied* 16 NY3d 710 [2011]; *Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010], *lv denied* 15 NY3d 707 [2010]). Further, petitioner has not demonstrated any prejudice from the absence of the block officer's endorsement of the misbehavior report (*see Matter of Carter v Goord*, 266 AD2d

623, 624 [1999]; *Matter of Smith v Walker*, 209 AD2d 799, 800 [1994], *lv denied* 85 NY2d 807 [1995]). Finally, petitioner is precluded from asserting his contention that the hearing extension was untimely obtained, as he failed to raise this argument at the hearing (*see Matter of Williams v Goord*, 37 AD3d 948, 948 [2007], *lv denied* 8 NY3d 1021 [2007]).

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. Adjudged that the determination finding petitioner guilty of violating certain prison disciplinary rules is confirmed, without costs, and petition dismissed.