Appeal from a judgment of the Supreme Court (Platkin, J.), entered February 1, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging certain determinations denying his grievances related to his removal from the Sex Offender Counseling and Treatment Program, as well as a determination withholding good time as a result of such removal. Supreme *1180 Court, noting that petitioner had been reinstated into the treatment program, granted respondents’ motion to dismiss the petition as moot. Petitioner now appeals.
The Attorney General advises us that, while petitioner has reached the maximum expiration date of his sentence, he remains confined due to a pending Mental Hygiene Law article 10 proceeding. While the expiration of his prison sentence renders any contention regarding the revocation of his good time credit moot (see Matter of Levola v Fischer, 87 AD3d 1191, 1191 [2011]; Matter of McKeown v Goord, 284 AD2d 622, 622 [2001]), he remains aggrieved with regard to his removal from the treatment program. That removal stemmed from petitioner’s purported unwillingness “to recognize, consider and internalize the harm” he had caused to his victims. His grievances regarding that removal were denied and, while he was reinstated into the program, the restoration noted his failure to meet the program’s requirements and stressed that he was only being reinstated because of his ongoing need for treatment. This information remains in petitioner’s institutional record and may be considered in the pending Mental Hygiene Law article 10 proceeding advancing against him (see Mental Hygiene Law §§ 10.05 [d]; 10.08 [b]; Matter of State of New York v Mark S., 87 AD3d 73, 77-78 [2011], lv denied 17 NY3d 714 [2011]; cf. Matter of Levola v Fischer, 87 AD3d at 1191). Therefore, we reinstate the relevant portion of the petition and remit the matter so that respondents may serve an answer (see e.g. Matter of Cantee v Goord, 240 AD2d 829, 829 [1997]; Matter of Grant v Senkowski, 146 AD2d 948, 949 [1989]).
Peters, P.J., Stein, Spain and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking expungement of all references in petitioner’s institutional record to his removal from the Sex Offender Counseling and Treatment Program; motion denied to that extent and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of this Court’s decision; and, as so modified, affirmed.