Lahtinen, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), entered June 14, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner’s grievance.
Following two jury trials, petitioner was convicted in 1992 of a multitude of sex crimes (People v Wakefield, 212 AD2d 649 [1995], lv denied 85 NY2d 944 [1995]; People v Wakefield, 208 AD2d 783 [1994], lv denied 84 NY2d 1016 [1994]) and sentenced to an aggregate term of 25 to 50 years in prison. In 2011, he unsuccessfully requested transfers to another correctional facility so that he could participate in the sex offender counseling and treatment program (hereinafter SOCTP) and the Merle *806 Cooper program[1] offered at that facility. He was advised that his case would be evaluated again in December 2023, 36 months prior to his conditional release date in accordance with established program guidelines.
Petitioner wanted to participate in SOCTP before his initial parole appearance in December 2015 and filed a grievance challenging the denial of his request and seeking to have references to a 2003 refusal to participate in sex offender counseling deleted from his quarterly evaluations. His grievance was denied and the denial was upheld by the Central Office Review Committee. Petitioner, in turn, commenced this CPLR article 78 proceeding challenging the denial and sought an order, among other things, directing that he be provided the opportunity to participate in SOCTP and the Merle Cooper program prior to his initial parole appearance.[2] Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
Correction Law § 622 (1) provides, in relevant part, that the Department of Corrections and Community Service (hereinafter DOCCS) “shall make available a sex offender treatment program for those inmates who are serving sentences for felony sex offenses, or for other offenses defined in [Mental Hygiene Law § 10.03 (p)].” The statute recognizes that “[t]he primary purpose of the program shall be to reduce the likelihood of reoffending by assisting such offenders to control their chain of behaviors that lead to sexual offending” (Correction Law § 622 [2]; see Mark Bonacquist, 2007 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law § 622, 2013 Cumulative Supp Pamph at 92). Moreover, under the statutory scheme, DOCCS shall make a sex offender treatment program available to an inmate “sufficiently in advance of the time of the inmate’s consideration by the case review team, pursuant to [Mental Hygiene Law § 10.05]” (Correction Law § 622 [1]). An inmate’s evaluation by a case review team under Mental Hygiene Law § 10.05 is triggered by notice to the Office of Mental Health that the inmate is “nearing anticipated release,” which is to be provided at least 120 days prior to such “anticipated release” (Mental Hygiene Law § 10.05 [b]).
In accordance with the foregoing, DOCCS has developed guidelines for administering sex offender treatment programs *807 throughout the state. The guidelines recognize the need to allocate limited resources and provide that inmates shall be placed in sex offender treatment programs “as they get closer to their release date.” The guidelines provide that moderate to high risk participants, such as petitioner, are admitted to such programs 36 months prior to their conditional release date.
Determining when an inmate can most benefit from participation in SOCTP given the limited therapeutic resources available in the prison setting is the type of matter that falls squarely within DOCCS’s discretionary authority (see Matter of Doe v Coughlin, 71 NY2d 48, 59 [1987], cert denied 488 US 879 [1988]). Under the circumstances presented, we find that the decision to delay petitioner’s participation in SOCTP until December 2023 was neither arbitrary and capricious nor an abuse of discretion (see Matter of Tucker v Nuttall, 31 AD3d 1078 [2006]; Matter of Matos v Goord, 27 AD3d 940, 941 [2006]).
While petitioner further claims that references to his past refusal to participate in sex offender counseling should be removed from his institutional record, his claim is now moot given that DOCCS has admittedly stricken such references from petitioner’s quarterly evaluations (see Matter of Rosa v Fischer, 87 AD3d 1252, 1253 [2011], lv denied 19 NY3d 802 [2012]). Petitioner’s remaining contentions have either not been preserved for our review or are lacking in merit.
Peters, P.J, McCarthy and Garry, JJ, concur. Ordered that the judgment is affirmed, without costs.

. This program is a voluntary 18 to 24-month rehabilitation program offered at Clinton Correctional Facility to provide selected inmates with skills to facilitate re-entry to society.

. Petitioner also moved to have the proceeding certified as a class action and Supreme Court denied that motion, but that determination is not a subject of this appeal.