*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                    517609
_____

In the Matter of BOBBY HAWES,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                    _____

        Bobby Hawes, Attica, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (Melkonian,
J.), entered September 26, 2013 in Albany County, which, in a
proceeding pursuant to CPLR article 78, granted respondent's
motion to dismiss the petition.

        Petitioner is currently serving an aggregate prison term of
20 years to life upon his conviction of three counts of murder in
the second degree and one count of rape in the first degree.
During his incarceration, petitioner participated in the sex
offender counseling and treatment program (hereinafter SOCTP).
He was removed from the program due to, among other things, his
general poor progress.  Petitioner wrote a letter to the Deputy
Director of Program Services at the Department of Corrections and
Community Supervision complaining about his removal, and the
Deputy Director advised him that his removal from SOCTP was

appropriate under the circumstances.  Petitioner commenced this CPLR article 78 proceeding challenging this determination and respondent moved to dismiss the petition for failure to exhaust administrative remedies.  Supreme Court granted the motion, resulting in this appeal.

We affirm.  It was incumbent upon petitioner to file a grievance challenging his removal from SOCTP under the inmate grievance program (see 7 NYCRR part 701).  His complaint letter to the Deputy Director did not qualify as a grievance (see 7 NYCRR 701.2 [a]).  SOCTP is a program provided by the Department of Corrections and Community Supervision, with the assistance of the Office of Mental Health and the Office of People with Developmental Disabilities (see Correction Law § 622; Matter of Wakefield v Fischer, 108 AD3d 805, 806-807 [2013]).  This matter does not involve the policies of the Office of Mental Health, which are nongrievable (see 7 NYCRR 701.3 [f]).[1]  Rather, it involves petitioner's removal from SOCTP, and issues of this nature are proper subjects of the inmate grievance procedure (see e.g. Matter of Horowitz v Fischer, 107 AD3d 1179 [2013]; Matter of Abreu v Hogan, 91 AD3d 996 [2012], appeal dismissed, lv denied 19 NY3d 1082 [2012]; Matter of Torres v Fischer, 73 AD3d 1355, 1356 [2010]; Matter of Martin v Goord, 45 AD3d 992, 993 [2007], appeal dismissed 10 NY3d 756 [2008]).  Inasmuch as petitioner did not file a grievance or pursue the procedures set forth in the inmate grievance program,[2] Supreme Court properly dismissed the petition for failure to exhaust administrative remedies (see Matter of Torres v Fischer, 73 AD3d at 1356).

Peters, P.J., Stein, Garry, Lynch and Devine, JJ., concur.

---

[1]  If petitioner had any question, he should have filed a grievance anyway (see 7 NYCRR 701.3 [e] [3]).

[2]  To the extent that petitioner asserts in his brief that he filed two grievances, this is contradicted by the record.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court