# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1179**
**TP 14-00599**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF ADAM BENNEFIELD, PETITIONER,

V                                          MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

ADAM BENNEFIELD, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered March 21, 2014) to review determinations of respondent.  Respondent denied grievances filed by petitioner and determined after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that said petition is unanimously dismissed without costs.

Memorandum:  Petitioner commenced this proceeding seeking to annul a disciplinary determination that he violated certain inmate rules and challenging the determinations denying two unrelated grievances.  After the proceeding was transferred to this Court pursuant to CPLR 7804 (g), respondent issued an administrative order reversing the disciplinary determination.  Respondent directed that all references to the disciplinary proceeding be expunged and that petitioner be refunded a $5 hearing surcharge.

As a preliminary matter, we note that "Supreme Court erred in transferring that part of the proceeding related to the . . . grievances to this Court inasmuch as any determinations with respect to those grievances were not made as a result of a hearing held . . . pursuant to direction by law" (*Matter of Alvarez v Fischer*, 94 AD3d 1404, 1407 [internal quotation marks omitted]).  We nevertheless "address the contentions with respect thereto in the interest of judicial economy" (*id.*).

We agree with respondent that the petition must be dismissed as moot to the extent that it concerns the expunged disciplinary

determination (*see Matter of Silva v Walker*, 245 AD2d 1115, 1115; *Matter of Free v Coombe*, 234 AD2d 996, 996). Although petitioner seeks monetary damages related to the disciplinary proceeding, his claims for monetary damages "must be asserted in the Court of Claims, not within a CPLR article 78 proceeding" (*Matter of Taylor v Kennedy*, 159 AD2d 827, 827). Contrary to petitioner's contention, damages for loss of privileges and confiscated property, unlike reimbursement for hearing surcharges, are consequential damages and are not "incidental to the primary relief sought by petitioner" (*Matter of Hodges v Jones*, 195 AD2d 647, 648; *see* CPLR 7806; *Matter of Loftin v New York City Dept. of Social Servs.*, 267 AD2d 78, 78, *lv dismissed* 95 NY2d 897, *rearg denied* 96 NY2d 755; *cf. Matter of Campbell v Hollins*, 249 AD2d 994, 995; *see generally Matter of Gross v Perales*, 72 NY2d 231, 237, *rearg denied* 72 NY2d 1042).

To the extent that petitioner, in his CPLR article 78 petition, sought to prevent the staff at Attica Correctional Facility from retaliating against him, we note that petitioner has since been transferred to a different facility and is no longer subject to the authority of the staff at Attica. Thus, he is no longer aggrieved with respect to that issue, and we therefore further dismiss that part of the petition as moot (*see Matter of McKenna v Goord*, 245 AD2d 1074, 1075, *lv denied* 91 NY2d 812; *see also Matter of Abreu v Bellamy*, 81 AD3d 1004, 1004-1005; *Matter of Kalwasinski v Fischer*, 68 AD3d 1722, 1723).

With respect to petitioner's challenges to the grievance determinations, we conclude that petitioner failed to exhaust his administrative remedies with respect to those determinations, and we therefore further dismiss the remainder of the petition. "A petitioner must exhaust all administrative remedies before seeking judicial review unless an agency's action is challenged as either unconstitutional or wholly beyond its grant of power . . . or when resort to an administrative remedy would be futile . . . or when its pursuit would cause irreparable injury" (*Matter of Ross v Ricks*, 268 AD2d 925, 925-926 [internal quotation marks omitted]). Petitioner has failed "to establish that any of the exceptions to the exhaustion doctrine applied" (*id.* at 926; *see Matter of Abdullah v Girdich*, 297 AD2d 844, 845), and this Court lacks the discretionary authority to address his contentions (*see Matter of Allen v Goord*, 4 AD3d 635, 636-637; *see generally Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

Entered: November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court