Sconiers and DeJoseph, JJ.
(dissenting). We respectfully dissent in part. We agree with the majority that Supreme Court erred in denying that part of defendant’s cross motion seeking summary judgment dismissing the fourth cause of action, for inverse condemnation. With respect to the remaining causes of action, however, we conclude that the court further erred in denying that part of the cross motion seeking summary judgment dismissing them to the extent that they assert claims for damages, and in granting that part of plaintiffs’ motion seeking dismissal of the 10th affirmative defense, which alleges that the court lacks subject matter jurisdiction over plaintiffs’ claims for damages. We would therefore further modify the order accordingly.
The remaining causes of action, sounding in negligence, continuing nuisance and continuing trespass, “are primarily *1562 claims against the State for money damages and as such could only be entertained in the Court of Claims” (Schaffer v Evans, 57 NY2d 992, 994 [1982]; see Court of Claims Act § 9 [4]). Contrary to the majority, we conclude that the damages for losses allegedly incurred as the result of the flooding are “consequential damages and are not ‘incidental to the primary relief sought by [plaintiffs]’ ” (Matter of Bennefield v Annucci, 122 AD3d 1329, 1330 [2014]). To the extent that the first three causes of action support plaintiffs’ claim for injunctive relief, they may remain in Supreme Court (see Zutt v State of New York, 50 AD3d 1131, 1132 [2008]), but the claims for damages must be asserted in the Court of Claims (see Bennefield, 122 AD3d at 1330; Matter of Taylor v Kennedy, 159 AD2d 827, 827 [1990]). Present — Scudder, P.J., Smith, Sconiers, Valentino and DeJoseph, JJ.