*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    519308
_____

In the Matter of ROMAN
    SANTIAGO,
                        Appellant,

        v                                MEMORANDUM AND ORDER

MAUREEN E. BOLL, as Deputy
    Commissioner and Counsel
    of the Department of
    Corrections and Community
    Supervision,
                        Respondent,
                        et al.,
                        Respondent.
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Roman Santiago, Ossining, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for Maureen E. Boll, respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (O'Connor, J.),
entered June 4, 2014 in Albany County, which, in a proceeding
pursuant to CPLR article 78, granted respondents' motions to
dismiss the petition.

        Petitioner, an inmate, is designated a central monitoring
case by respondent Department of Corrections and Community
Supervision (hereinafter DOCCS).  He appealed the designation to

DOCCS' Inspector General.  The Inspector General sustained the designation and petitioner commenced this CPLR article 78 proceeding, challenging the designation and seeking an order directing respondent New York City Department of Probation to amend his presentence investigation report.  Supreme Court granted respondents' motions to dismiss the petition, finding, among other things, that petitioner was precluded from challenging allegedly erroneous information in his presentence investigation report that he argues DOCCS relied on in making the designation.  Petitioner appeals, challenging in his brief only Supreme Court's dismissal of the petition that challenged his designation as a central monitoring case.

We affirm on a different ground than that expressed by Supreme Court.  "[A] petitioner must exhaust all his [or her] administrative remedies before seeking judicial review unless he or she is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available remedies would be futile or would cause the petitioner irreparable harm" (Matter of Abdullah v Girdich, 297 AD2d 844, 845 [2002]; accord Matter of Georgiou v Daniel, 21 AD3d 1230, 1231 [2005]).  Pursuant to DOCCS Directive No. 701, an inmate may challenge a central monitoring case designation at any time during his or her incarceration by first appealing to DOCCS' Inspector General and, if unsuccessful, appealing that determination to DOCCS' Counsel.  Here, an affidavit from a representative of the Counsel's office states that a search of that office's records revealed that no appeal had been filed regarding the Inspector General's determination of petitioner's initial appeal.  Moreover, even if, as petitioner contends, an appeal had been filed with the Counsel's office, this proceeding was still prematurely commenced, as no final determination has been issued by the Counsel's office in connection to the appeal (see Matter of Kelly v Selsky, 51 AD3d 1298 [2008]).  Accordingly, that part of this proceeding challenging DOCCS designation of him as a central monitoring case should have been dismissed for petitioner's failure to exhaust his administrative remedies (see Matter of Valvano v Jones, 122 AD2d 336 [1986]).

Peters, P.J., Lahtinen and Garry, JJ., concur.

-3-                        519308

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court