# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1246**
**CA 14-01443**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ELVIS CASTILLO,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an amended judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered April 16, 2014 in a proceeding pursuant to CPLR article 78.  The amended judgment dismissed the petition.

It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner commenced this proceeding pursuant to CPLR article 78 challenging respondent's denial of two inmate grievances he filed while he was incarcerated at Attica Correctional Facility and Upstate Correctional Facility.  Because petitioner failed to exhaust his administrative remedies, Supreme Court properly dismissed the petition.  "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *see Matter of Bennefield v Annucci*, 122 AD3d 1329, 1331).  Moreover, there is no basis in the record for us to conclude that exhaustion is not required because "pursuit of the administrative [process] would have been futile" (*People ex rel. Martinez v Beaver*, 8 AD3d 1095, 1095).

Entered:  November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court