*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016                    522122
_____

In the Matter of KEN SMITH,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

DEPARTMENT OF CORRECTIONS AND
    COMMUNITY SUPERVISION,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Aarons, JJ.

_____

        Ken Smith, Albion, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Young, J.), entered May 6, 2015 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

        Petitioner commenced this CPLR article 78 proceeding challenging a determination that removed him from a sex offender treatment program due to poor program performance.  Respondent moved to dismiss the petition for failure to exhaust administrative remedies.  Supreme Court granted the motion and this appeal ensued.

        Petitioner was required to file a grievance addressing his removal from the treatment program (see Matter of Mascorro v Annucci, 123 AD3d 1268, 1268 [2014]; Matter of Hawes v Fischer, 119 AD3d 1304, 1305 [2014]).  The grievance filed by petitioner

in 2013 regarding certain claims cannot be considered a grievance challenging his removal from the treatment program, as that grievance was filed prior to petitioner being informed, in January 2014, of his removal from the program.  Further, although petitioner submitted a letter of complaint to the coordinator of the treatment program, that letter does not constitute a grievance (see 7 NYCRR 701.2 [a]), and an affidavit from the assistant director of the inmate grievance program confirms that no formal grievance was filed by petitioner with regard to his removal from the treatment program.  As petitioner did not pursue proper grievance procedures or establish any exception thereto, Supreme Court appropriately dismissed the petition based upon petitioner's failure to exhaust his administrative remedies (see Matter of Jackson v Administration of Bare Hill Corr. Facility, 139 AD3d 1191, 1192 [2016]; Matter of Mascorro v Annucci, 123 AD3d at 1268-1269; Matter of Hawes v Fischer, 119 AD3d at 1305; Matter of Torres v Fischer, 73 AD3d 1355, 1356 [2010]; Matter of Muniz v David, 16 AD3d 939, 939-940 [2005]).  Finally, to the extent that petitioner argues that Supreme Court failed to properly consider his reply to respondent's motion to dismiss, we note that the information contained in the reply was also included in the petition.  The petition was considered by the court, and the information did not negate the fact that petitioner failed to file a grievance challenging his removal from the treatment program.

Peters, P.J., Garry, Rose, Devine and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court