■ In the Matter of EARL REYES, Appellant, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of

Corrections and Community Supervision, Respondent. [38 NYS3d 481]—

Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered March 5, 2015 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondent to dismiss the amended petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge respondent's handling of grievances concerning his medical treatment, and he now appeals from a judgment granting respondent's motion to dismiss the amended petition for his failure to exhaust administrative remedies. Supreme Court properly dismissed the amended petition. Although petitioner contends that grievances concerning denials of medical treatment filed by him on April 25 and May 2, 2014 were improperly denied, "an affidavit from the inmate grievance program supervisor confirms that petitioner never filed formal grievances corresponding to those dates," as required by 7 NYCRR 701.5 (a) (1) (*Matter of Bookman v Fischer*, 99 AD3d 1127, 1128 [2012]; *see Matter of Muniz v David*, 16 AD3d 939, 939-940 [2005]). "Thus, petitioner 'failed to exhaust the administrative remedies through the available grievance procedures or establish any exceptions thereto[,]' and dismissal of the [amended] petition was . . . proper on that basis" (*Muniz*, 16 AD3d at 939-940). Present—Peradotto, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.