State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 10, 2016          523000
_____

In the Matter of LYONEL
    BEAUBRUN,
                        Appellant,

        v                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   September 20, 2016

Before:   McCarthy, J.P., Lynch, Rose, Mulvey and Aarons, JJ.

                        _____

        Lyonel Beaubrun, Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.

                        _____

        Appeal from a judgment of the Supreme Court (Ryba, J.),
entered February 9, 2016 in Albany County, which, in a proceeding
pursuant to CPLR article 78, granted respondent's motion to
dismiss the petition.

        Petitioner is currently serving a 6½-year prison sentence.
Following a prison disciplinary hearing in January 2013, he was
found guilty of violating two prison disciplinary rules.
Petitioner was thereafter informed by his offender rehabilitation
coordinator that, as a result of his disciplinary infractions, he
was ineligible for a merit time allowance (see Correction Law
§ 803 [1] [d] [i]).  Petitioner wrote letters objecting to the
determination of ineligibility to the facility superintendent,
who confirmed that his status was correct; he did not file a
grievance.  Petitioner then commenced this CPLR article 78

proceeding seeking to annul the determination of merit time ineligibility.  Supreme Court granted respondent's motion to dismiss based upon petitioner's failure to exhaust administrative remedies, and this appeal ensued.

We affirm.  It is well established that "[a] petitioner must exhaust all his or her administrative remedies before seeking judicial review unless he or she is challenging an agency's action as unconstitutional or beyond its grant of power, or if resort to the available administrative remedies would be futile or would cause the petitioner irreparable harm" (Matter of Santiago v Boll, 130 AD3d 1336, 1336 [2015] [internal quotation marks, brackets and citation omitted]).  Petitioner's challenge in this proceeding is to the finding that, due to his disciplinary history, he is ineligible for merit time.  As relevant here, an inmate is disqualified from receiving a merit time allowance if he or she has committed "any serious disciplinary infraction" (Correction Law § 803 [1] [d] [iv]; see Matter of Hines v Fischer, 101 AD3d 1204, 1205 [2012]), which is defined by the governing regulations promulgated by the Department of Corrections and Community Supervision (hereinafter DOCCS) (see 7 NYCRR 280.2 [b]).  Given that petitioner's challenge to the merit time determination concerns the "application of a[] written . . . regulation . . . or rule of [DOCCS]" (7 NYCRR 701.2 [a]), he was required to file a grievance challenging that determination and to follow the grievance procedures (see 7 NYCRR 701.5; Correction Law § 139; Matter of Mascorro v Annucci, 123 AD3d 1268, 1268 [2014]; see e.g. Matter of Hines v Fischer, 101 AD3d at 1205).

In support of its motion to dismiss, respondent submitted proof that a search of DOCCS's records disclosed no grievance from petitioner on this issue, and petitioner submitted no proof to the contrary.  Petitioner's letters to his coordinator and to the facility superintendent did not qualify as a grievance (see Matter of Hawes v Fischer, 119 AD3d 1304, 1305 [2014]).  Moreover, petitioner failed to establish that any of the exceptions to the exhaustion requirement are applicable, as his "mere assertion that a constitutional right is involved will not excuse [his] failure to pursue established administrative procedures that can provide adequate relief" (Matter of Hyatt v

Annucci, 134 AD3d 1359, 1359-1360 [2015] [internal quotation marks and citations omitted]; see Matter of Santiago v Boll, 130 AD3d at 1336).  Thus, the petition was correctly dismissed due to petitioner's failure to exhaust administrative remedies (see Matter of Jackson v Administration of Bare Hill Corr. Facility, 139 AD3d 1191, 1192 [2016]; Matter of Hawes v Fischer, 119 AD3d at 1305).

McCarthy, J.P., Lynch, Rose, Mulvey and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court