Matter of Johnson v Annucci (2018 NY Slip Op 00499)





Matter of Johnson v Annucci


2018 NY Slip Op 00499


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

524804

[*1]In the Matter of JOHNATHAN JOHNSON, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: December 13, 2017

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Johnathan Johnson, Malone, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Martin Hotvet of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 7, 2017 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding ostensibly to review a determination of respondents limiting the length of his phone calls with his then attorneys to 30 minutes. Respondents moved to dismiss the petition based on, among other things, a failure to exhaust administrative remedies. Supreme Court granted respondents' motion, finding, among other things, that relevant directives provided an avenue for inmates to seek an exception to the 30-minute limit on attorney phone
calls and that petitioner had failed to seek such an exception, thereby failing to exhaust his administrative remedies. Petitioner now appeals, and we affirm.
Petitioner failed to follow established procedure considering that he did not request approval for attorney telephone calls exceeding 30 minutes (see Dept of Corr & Community Supervision Directive No. 4423 § IX [B], [D], [E]), and therefore he failed to exhaust available administrative remedies (see Matter of Santiago v Boll, 130 AD3d 1336, 1337 [2015]; Matter of Johnson v Ricks, 278 AD2d 559, 559 [2000]; Matter of Graziano v Coughlin, 221 AD2d 684, 687 [1995]). To the extent that petitioner claims that it is unconstitutional for the Department of Corrections and Community Supervision to require inmates to request that phone calls with [*2]attorneys exceed 30 minutes, and assuming that such a claim is properly before us (see generally Matter of Connerton v Ryan, 86 AD3d 698, 699 [2011]), we find the contention to be without merit.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.