Matter of Jimenez v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 00591)





Matter of Jimenez v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 00591


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525050

[*1]In the Matter of PEDRO JIMENEZ, Appellant,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Rumsey, JJ.


Pedro Jimenez, Wallkill, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McGrath, J.), entered April 19, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In September 2011, petitioner was sentenced to a prison term of 16 years to life upon his conviction of criminal possession of a weapon in the second degree. Petitioner concedes that, upon entering into respondent's custody, he was ineligible for a merit time allowance due to his violent felony conviction and, further, that while incarcerated upon the foregoing conviction, he committed a serious, drug-related disciplinary infraction. Thereafter, in June 2015, petitioner's weapon conviction was vacated, and he was resentenced to a prison term
of 7½ to 15 years upon his plea of guilty of the crime of criminal possession of stolen property in the second degree.
After he was resentenced, petitioner inquired as to his merit time eligibility and, in October 2016, was informed that he was ineligible for participation in the program due to his disciplinary infraction. Petitioner then filed a grievance, contending that he had not been provided with a written denial of his merit time request. In response, petitioner was advised that he had not been denied a merit time allowance but, rather, was deemed to be ineligible for such consideration in the first instance because of his disciplinary infraction. Petitioner thereafter commenced this CPLR article 78 proceeding, asserting that respondent had misconstrued and misapplied Correction Law § 803 and the relevant departmental directives in reviewing his [*2]request for a merit time allowance. Respondent moved to dismiss, asserting that petitioner failed to exhaust his administrative remedies. Supreme Court granted respondent's motion, and this appeal by petitioner ensued.
We affirm. As Supreme Court aptly observed, the only grievance filed by petitioner in this matter was the November 2016 grievance seeking a written denial of his request for a merit time allowance. Nothing in the record suggests that petitioner administratively pursued the response that he received to that grievance (see Matter of Reeder v Annucci, 155 AD3d 1203, 1204 [2017]; Matter of Jackson v Administration of Bare Hill Corr. Facility, 139 AD3d 1191, 1192 [2016]), and noticeably absent from such grievance is any mention of the arguments now advanced in the petition — namely, that respondent erroneously interpreted and applied the statutory and departmental provisions governing merit time allowances (see generally Matter of Smith v Department of Corr. & Community Supervision, 142 AD3d 1212, 1212-1213 [2016]; Matter of Bookman v Fischer, 99 AD3d 1127, 1128 [2012]). Under these circumstances, we agree that petitioner failed to exhaust his administrative remedies (see Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310-1311 [2016]) and, further, find that no exception to the exhaustion requirement applies (see Matter of Georgiou v Daniel, 21 AD3d 1230, 1231 [2005]). Accordingly, Supreme Court properly granted respondent's motion to dismiss.
McCarthy, J.P., Lynch, Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.