Matter of Strong v Martuscello (2024 NY Slip Op 04873)

Matter of Strong v Martuscello

2024 NY Slip Op 04873

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

632 TP 24-00456

[*1]IN THE MATTER OF WILLIE STRONG, PETITIONER,
v
DANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Melissa Lightcap Cianfrini, A.J.], entered March 13, 2024) to review a determination of respondent. The determination denied petitioner's grievance challenging a jail time credit calculation. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner filed a grievance with the Incarcerated Grievance Resolution Committee (IGRC) challenging the calculation of his jail time credit (see 7 NYCRR 701.4, 701.5 [b]). IGRC denied the grievance, and petitioner's appeal to the facility superintendent was denied. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying his grievance.
As a preliminary matter, we note that Supreme Court erred in transferring this proceeding to us pursuant to CPLR 7804 (g) on the ground that the petition raises an issue of substantial evidence. The determination was not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]), and thus no issue of substantial evidence has been raised (see Matter of Bennefield v Annucci, 122 AD3d 1329, 1330 [4th Dept 2014]; Matter of Shomo v Zon, 35 AD3d 1227, 1227 [4th Dept 2006]). We nevertheless retain jurisdiction in the interest of judicial economy (see Bennefield, 122 AD3d at 1330; Shomo, 35 AD3d at 1227).
We conclude that petitioner failed to exhaust his administrative remedies with respect to the denial of his grievance, and we therefore dismiss the petition. "A petitioner must exhaust all administrative remedies before seeking judicial review unless an agency's action is challenged as either unconstitutional or wholly beyond its grant of power . . . or when resort to an administrative remedy would be futile . . . or when its pursuit would cause irreparable injury" (Bennefield, 122 AD3d at 1331 [internal quotation marks omitted]; see Matter of Walker v Uhler, 185 AD3d 1363, 1363-1364 [3d Dept 2020]). After the superintendent denied petitioner's grievance appeal, petitioner was required to appeal that denial to the Central Office Review Committee (CORC) (see 7 NYCRR 701.5 [d]; Matter of Jackson v Administration of Bare Hill Corr. Facility, 139 AD3d 1191, 1192 [3d Dept 2016]).
In his answer, respondent submitted evidence that petitioner failed to appeal to CORC, which petitioner does not dispute (see generally Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310-1311 [3d Dept 2016]; Matter of Alvarez v Fischer, 94 AD3d 1404, 1407 [4th Dept 2012]). [*2]Petitioner thus failed to exhaust his administrative remedies (see Jackson, 139 AD3d at 1192; Alvarez, 94 AD3d at 1407; see also Matter of Reyes v Annucci, 142 AD3d 1395, 1396 [4th Dept 2016]), and he did not establish that any exceptions to the exhaustion requirement applied (see Bennefield, 122 AD3d at 1331). Petitioner's "mere assertion that a constitutional right is involved will not excuse [his] failure to pursue established administrative procedures that can provide adequate relief" (Beaubrun, 144 AD3d at 1311 [internal quotation marks omitted]; see also Walker, 185 AD3d at 1364).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court